411 A.2d 828

**COMMONWEALTH of Pennsylvania**

v.

**James HARRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 1979.

Filed Oct. 12, 1979.

Paul A. McGinley, Allentown, for appellant.

Edward J. Zamborsky, Assistant District Attorney, Allentown, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

PER CURIAM:

■ Appellant originally entered a plea of guilty, in 1973, to second degree murder, and was sentenced to a term of ten to twenty years. No appeal was taken from the judgment of sentence. Thereafter in 1974, appellant filed a petition under the Post Conviction Hearing Act [1] alleging ineffective assistance of counsel. A public defender was appointed to represent him and hearings were conducted below. On January 26, 1977, an order was filed denying PCHA relief and dismissing the petition. Appellant was, thereafter, granted, by the Supreme Court, the right to appeal nunc pro tunc from this order. On appeal, counsel petitioned to withdraw, and, the Supreme Court, by order dated December 4, 1978, granted this request, and remanded the case to the lower court for the appointment of counsel other than a public defender. This is now mandated procedure where trial counsel and PCHA counsel are both members of the defenders' association, and ineffectiveness is alleged in the PCHA petition. Under these circumstances, a conflict of interest is presumed to exist requiring the appointment of independent counsel. See *Commonwealth v. Patrick*, 477 Pa.

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas, Montgomery County, Pennsylvania, are sitting by designation.

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq.; 19 P.S. § 1180–1 et seq. (Supp.1976–1977).

284, 383 A.2d 935 (1978), and *Commonwealth v. Prowell,* 249 Pa.Super. 435, 378 A.2d 374 (1977).

However, although new private counsel now represents appellant, no amended PCHA petition has been filed, nor has a new hearing been held below. Counsel, instead, bases his advocacy, on appeal, on the evidence and findings of the former, invalid, PCHA proceedings.

Based on the foregoing, this case is remanded to the lower court to afford counsel an opportunity to file an amended PCHA petition, and to request a hearing thereon if necessary.

Case remanded.

HONEYMAN, J., files a dissenting opinion.

HONEYMAN, Judge, dissenting:

In the trial court, appellant was afforded a full hearing on his Post Conviction Hearing Act Petition. Judge Wieand disposed of the issues raised in the petition in a careful and exhaustive opinion that was explicitly dispositive of everything about which appellant had complained. Subsequent to that, the Supreme Court of Pennsylvania allowed him to appeal nunc pro tunc from Judge Wieand's order. On December 4, 1978 the trial court was directed to appoint new counsel for appellant in the person of someone other than a member of the Public Defender's staff of Lehigh County. The trial court promptly did so and that new counsel is counsel of record in the instant appeal.

New counsel did not seek to file any new or supplemental Post Conviction Hearing Act Petition. Neither does he, in his brief, express an interest or desire to do so. Rather, his advocacy is based upon averments of error by the trial court in disposing of the original Post Conviction Hearing Act Petition. In the light of those developments, we can only presume that his judgment, after becoming fully informed in the case, was that there was no need or purpose to file and pursue a new petition.

However, a majority of this Court concludes that the appropriate disposition is to remand the record to the trial

court in order to afford appellant's counsel to do that which he has not requested, viz. to file an amended P.C.H.A. petition and to request a hearing thereon. I believe that we should review the record of this case in its present posture, and in that regard, I would affirm the order of Judge Wieand on his opinion, which, as I said heretofore, was clearly and explicitly dispositive of everything raised by appellant. I find absolutely no merit in any of appellant's allegations of ineffective assistance of counsel. To remand this case only unnecessarily prolongs litigation herein.

I believe that a present definitive disposition of the matter would not run counter to the cases cited by the majority, viz. *Com. v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978) and *Com. v. Prowell*, 249 Pa. 435, 378 A.2d 374 (1977). In both of them, it was simply mandated that new and independent counsel be appointed to represent an accused in a P.C.H.A. proceeding when both his prior P.C.H.A. counsel and his trial counsel had been members of the same Public Defender's office. In neither case was there any direction as to what avenues the new counsel must pursue in carrying out his stewardship.

For these reasons I would affirm the order of the trial court.