460 A.2d 720

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Anthony LOWERY, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 7, 1982.

Decided May 25, 1983.

Reargument Denied July 12, 1983.

Eric B. Henson, Deputy Dist. Atty., Gaele McLaughlin, Barthold, Asst. Dist. Atty., for appellant.

Leonard S. Wissow, Philadelphia, for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

PER CURIAM.

This appeal must be quashed. The dual position of the District Attorney as counsel for appellee on the suppres-

sion matter prior to his assuming that office, followed by his office's direct attack in this appeal on the adequacy of his own defense with respect to the suppression issue now before us poses a clear conflict of interest in violation of Canons 5 and 9 of the Pennsylvania Code of Professional Responsibility, adopted by this Court by order of February 27, 1974, pursuant to our power to regulate the conduct of lawyers under Art. V, § 10 of the Pennsylvania Constitution.

Since quashing the appeal leaves the Superior Court's order granting a new trial intact, further proceedings will be needed in the trial court to remove the conflict of interest pursuant to Section 205 of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, No. 164, § 205, *effective* January 20, 1981, 71 P.S. § 732–205 (Supp.1982).[1]

In this case the District Attorney's office has permitted his subordinates to raise his own ineffectiveness as defense counsel. Absent such a direct attack, the potential for prejudice is not so great at the appellate level as to *per se* require the Commonwealth's appeal be quashed. *See Pisa v. Commonwealth,* 378 Mass. 724, 393 N.E.2d 386 (1979); *Pisa v. Streeter,* 491 F.Supp. 530 (D.Mass.1980). However, an attack by an attorney on his own work, even if inadvertent, is never a mere matter of form. It is a direct attack on the adversary system which undermines the total trust and confidence between an attorney and his client necessary to its functioning. In seeking legal advice when the government threatens their liberty all individuals must be assured their lawyer can never assert his own failures against them.

Accordingly this appeal is quashed.

O'BRIEN, former C.J., did not participate in the consideration or decision of this case.

McDERMOTT, J., files a dissenting opinion.

1. This statute supersedes the prior practice of seeking appointment of a special prosecutor to remove conflicts. Act of April 9, 1929, P.L. 177, Art. IX, § 907, 71 P.S. § 297 *repealed,* Act of October 15, 1980, P.L. 950, No. 164, § 503.

McDERMOTT, Justice, dissenting.

I would address the Superior Court's interpretation of *McCutchen*,[1] before remand, as instruction for the trial court should this matter be retried.

1. *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975); cert. denied, 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976).