460 A.2d 747

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James HARRIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 24, 1983.

Decided May 27, 1983.

Paul A. McGinley, Allentown (Court-appointed), for appellant.

Edward J. Zamborsky, Asst. District Atty., for appellee.

180

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

ZAPPALA, Justice.

Appellant, James Harris, is appealing an order of the Court of Common Pleas of Lehigh County denying his *supplemental PCHA petition* to withdraw his guilty plea and for appointment of a special prosecutor.

In his petition, Mr. Harris alleges that a conflict of interest existed when his public defender, William Platt was appointed to the position of District Attorney of Lehigh County during the pendency of Harris' first PCHA appeal.

The facts surrounding Mr. Harris' appeal may be summarized as follows:

On February 21, 1973, James Harris was arrested for murder. He was represented by Chief Public Defender Frederick Lanshe, Esq. and by Robert W. Brown, Esq. of the Public Defender's office. In June of 1973 the petitioner entered a negotiated plea of guilty to second degree murder.

Following a hearing before the Honorable Donald E. Wieand, of the Lehigh County Court of Common Pleas, petitioner was sentenced to 10 to 20 years in prison. No appeal was taken from the judgment of sentence. It is important to note that at this stage, William Platt in no way participated in the defense of Appellant Harris.

In December, 1974, Mr. Harris filed a petition under the Post Conviction Hearing Act to withdraw his guilty plea. It was at this time that William Platt, then Chief Public Defender, was assigned by an Order dated December 20, 1974 to represent appellant on his *PCHA appeal.* Platt argued the petition on behalf of Mr. Harris in November of 1976 and was then appointed District Attorney in December 1976. The Court denied Harris' petition in January of 1977, subsequent to Platt's appointment.

Upon assuming the position of District Attorney, Platt appointed First Assistant District Attorney James Gardner to be responsible as District Attorney for any cases to which he may have been involved. Gardner in turn appointed Edward Zamborsky as Assistant District Attorney on Mr. Harris' case to represent that office on Harris' appeal to the Superior Court and any subsequent proceedings.

In December, 1978, Counsel from outside the Public Defender's office was appointed to represent appellant in his appeal of the PCHA denial to the Superior Court. After hearing the matter, the Superior Court, 270 Pa.Super. 498, 411 A.2d 828, remanded the case back to the Common Pleas Court of Lehigh County for further proceedings on the petition, at which time counsel for appellant, in February of 1980, filed a second supplemental PCHA petition with the Common Pleas Court which alleged the ineffectiveness of counsel in the original proceeding. He also alleged the ineffectiveness of Platt at the first PCHA hearing due to the conflict of interest involving Platt's appointment as District Attorney and that he should be permitted to withdraw his guilty plea. On October 20, 1980, these petitions were denied by the Common Pleas Court. The instant appeal follows the denial.

The problem presented to us through this appeal was addressed quite adequately by the Superior Court in *Commonwealth v. Miller*, 281 Pa.Super. 392, 422 A.2d 525 (1980). *Miller* was another case where Mr. Platt had been Public Defender at the time, although he had not actually represented Miller as he did Mr. Harris in the instant case; he represented Mr. Miller's codefendant.

In *Miller* the Court rejected the "appearance of impropriety" standard found in Disciplinary Rule 9–101 of the Code of Professional Responsibility when it applies to government lawyers and opted instead to rely upon the "... integrity of the District Attorneys of this Commonwealth not to participate in the prosecution of cases when such participation would generate an appearance of impropriety." *Miller*, 281 Pa.Super. at 399, 422 A.2d at 529. The court adopted this

standard after correctly distinguishing the actions of private law firms from those of government attorneys. *Miller,* 281 Pa.Super. at 398, 399, 422 A.2d at 528, 529.

The difficulty we find with appellant's argument is that, taken to its logical extreme, it would allow a defendant to have his case dismissed any time a special prosecutor was not appointed to his case when a member of the public defender's staff has been appointed to the staff of the District Attorney during the pendency of defendant's post-trial proceedings. Thus, in this situation the "appearance of impropriety" standard is simply not viable. For this reason we opt for a more objective and flexible standard; one which requires a determination on a case by case basis of whether the acts of a public prosecutor have actually tainted the proceedings so as to require a new trial with a special prosecutor appointed rather than an absolute grant of one at any allegation of the "appearance of impropriety". In situations such as the instant one, where the Defense Attorney enters the case at the post-trial level and then subsequently joins the staff of the District Attorney's office, we now require that a defendant show an *actual* impropriety in order to establish the requisite prejudice to a defendant. This procedure will ensure both the efficient and economical operation of the District Attorney's Office during periods where new staff members have been appointed while at the same time protecting a defendant's right to a fair trial free from any actual impropriety.

This Court is aware of our recent holding in *Commonwealth v. Lowery,* 501 Pa. 124, 460 A.2d 720, (1983), reaching a different result. However, the facts of the instant appeal are readily distinguishable from those of *Lowery,* and an application of our standard to the facts requires a different result.

In *Lowery,* the defendant was represented by a private practitioner during the process of his *pre-trial hearings,* and subsequent thereto, the private practitioner became the District Attorney for the City of Philadelphia. In the instant appeal, Platt did not enter the proceedings until the appel-

late stage. He thus was not privy to any confidences which may have been devulged during the pre-trial and trial stages. He entered the proceedings at a time where the resolution of the case rested upon arguments and conclusions of law which would be of no value to him when he became District Attorney.

In this regard, we adopt the language of the Supreme Court of Massachusetts in *Pisa v. Commonwealth,* 378 Mass. 724, 393 N.E.2d 386 (1979), wherein they refused to reverse the conviction of appellant because the law clerk who assisted in his defense and later became a member of the District Attorney's staff proof-read the Commonwealth's brief in opposition to appellant's brief. In refusing to reverse, the court rightly concluded that "[T]he danger of prejudice is far less when a prosecutorial conflict arises during appellate proceedings. At this stage, the prosecution has far less discretion; its role is to answer arguments made by the defendant." *Pisa,* 393 N.E.2d at 390. The Court goes on to state that "[i]t is conceivable that in some cases confidential information might be useful even on appeal . . . " however, even in these situations, ". . . the impropriety [is] limited to the appeal; the prior proceedings [are] free from any possibility of taint". *Id.* at 393 N.E.2d 390.

In *Miller,* as in the instant case, it was shown that Platt did all that was within his power to separate himself from the cases in which he might have been involved as Public Defender.[1] To require more, in a situation such as this would place an enormous burden upon the already strained resources of the Public Defender and the District Attorney's

---

1. It should be noted that at the time of Mr. Platt's involvement with the case, the "Commonwealth Attorneys Act", Act of October 15, 1980, P.L. 950, No. 164, § 205, *effective* January 20, 1981; 71 P.S. § 732–101 et seq., effective January 20, 1981, which permits a district attorney to request the Attorney General to appoint a special prosecutor where he feels there is the potential for actual or apparent conflict of interest on the part of his office was not available to him. 71 P.S. § 732–205(a)(3). There was instead the Act of April 9, 1929, P.L. 177, Art. IX, § 907; 71 P.S. § 297 (Repealed, 1980) which required the President Judge having jurisdiction over criminal matters to request in writing that the Attorney General intervene and supersede the District Attorney.

184

staff. This burden is unjustified absent more than a mere assertion of impropriety.

For the reasons set forth above, we find no merit in appellant's contentions and affirm the Order of the Court of Common Pleas of Lehigh County denying appellant's request for relief.

ROBERTS, C.J., filed a concurring opinion.

HUTCHINSON, J., filed a concurring opinion in which FLAHERTY, J., joined.

NIX and McDERMOTT, JJ., concurred in the result.

ROBERTS, Chief Justice, concurring.

The order of the Court of Common Pleas of Lehigh County should be affirmed, not because the "appearance of impropriety" standard is inapplicable to prosecuting attorneys, but because no impropriety, actual or apparent, has been demonstrated which would warrant the relief sought. Accordingly, I concur in the result only.

Appellant entered a negotiated plea of guilty in June of 1973, while represented by Frederick Lanshe, a member of the staff of the Lehigh County Public Defender. In December of 1974, appellant filed a post-conviction petition to withdraw his guilty plea while represented by William Platt, then the Public Defender of Lehigh County.

In January of 1977, after an evidentiary hearing and argument on appellant's PCHA petition and while the matter was awaiting final disposition by the PCHA court, Platt was appointed to the office of District Attorney of Lehigh County. Assisted by new counsel, appellant filed a supplemental PCHA petition which alleged that the appointment of Platt to the office of District Attorney created a conflict of interest which required that appellant be permitted to withdraw his guilty plea or, in the alternative, that he be granted a new PCHA hearing.

To withdraw his guilty plea, appellant would, of course, have to establish that the alleged conflict created by Platt's appointment affected the voluntariness of his plea. Similar-

ly, to be entitled to a new PCHA hearing, appellant would have to demonstrate that the alleged conflict gave rise to actual or apparent impropriety at the hearing on his PCHA petition.  As Platt was not appointed District Attorney until over three years after the entry of appellant's plea, it must be obvious that Platt's appointment could not have affected appellant's decision to plead guilty.  It is equally obvious that Platt's assumption of his duties as District Attorney did not create an appearance of impropriety at appellant's PCHA hearing, for Platt's appointment did not take place until appellant's PCHA petition had been argued and the record had been closed.

Because the alleged conflict could not have had any impact either on appellant's decision to plead guilty or on the fairness of his PCHA hearing, appellant is not entitled to the relief he seeks.  At best, appellant would be entitled to the disqualification of the District Attorney of Lehigh County on the present appeal from the denial of post-conviction relief.  Because appellant does not seek this relief, and because the PCHA court properly denied appellant's PCHA petition, the order of the Court of Common Pleas of Lehigh County must be affirmed.

HUTCHINSON, Justice, concurring.

I agree with the majority that the facts in this case are readily distinguishable from those in *Commonwealth v. Lowery,* 501 Pa. 124, 460 A.2d 720, No. 80–3–467, wherein we found a conflict in an appellate attack by a District Attorney on his own conduct of the defense.  No conflict of any kind exists here.  I, therefore, concur in the result.

Since the cases are so clearly distinguishable, I find it unnecessary to discuss or comment on the difficult issue of whether we should adopt different and possibly looser standards of ethical conduct for government as opposed to private lawyers.

I also believe we should not imply or even hint that the appearance of impropriety is generally excusable.

FLAHERTY, J., joins in this opinion.