**Eddie EUELL, Petitioner,**

v.

**Frederick ROSEMEYER, Superintendent of the PA State Correctional Facility at Greensburg, Respondent and the Hon. Ernest D. Preate, Attorney General of Pennsylvania, Additional Respondent.**

**Civ. A. No. 91–218 E.**

United States District Court,
W.D. Pennsylvania.

Dec. 9, 1993.

Jay J. Finkelstein, Asst. Federal Public Defender, Erie, PA, for petitioner.

William R. Cunningham, Dist. Atty. by Kenneth A. Zak, Asst. Dist. Atty., Erie, PA, for Com.

## OPINION

SENSENICH, United States Magistrate Judge.

Petitioner, Eddie Euell, has filed a motion to disqualify the entire Erie County District Attorney's Office from participation in this habeas corpus action because of an alleged conflict of interest. A hearing was held on November 22, 1993 in which Petitioner was represented by Assistant Federal Public Defender Jay Finkelstein, and the Commonwealth was represented by Assistant District Attorney Kenneth Zak. This court will deny petitioner's motion.

Petitioner was represented at trial in the Erie County Court of Common Pleas, No. 769 of 1986, by attorney James Vogel of the Erie County Public Defender's Office. Attorney Vogel is now the First Assistant District Attorney of the Erie County District Attorney's Office. Petitioner has argued that because attorney Vogel represented him when he was a member of the public defender's office, his present employment with the district attorney's office creates a conflict of interest necessitating the disqualification of the entire district attorney's office.

Attorney Vogel testified that he is aware that petitioner filed a habeas corpus petition that involves a case in which he served as defense counsel, and that the standard practice of the district attorney's office for dealing with such situations was followed in this case. He explained that the standard policy, enforced by the administrative first assistant district attorney, is to screen assistant district attorneys from any contact with the files of cases involving former clients. Accordingly, he has had no contact with the file of this case and if petitioner's name is mentioned in his presence, he leaves the room. He further testified that the only discussion he has had in reference to this petitioner was a conversation with Assistant District Attorney Zak regarding his testimony in the instant hearing.

The determination as to whether to disqualify counsel because of a conflict of interest is within the discretion of the court. *Akerly v. Red Barn System, Inc.*, 551 F.2d 539 (3d Cir.1977). The Pennsylvania Rules of Professional Conduct, adopted by the Supreme Court of Pennsylvania in 1988 [hereinafter Rules of Conduct], have been adopted by the United States District Court for the Western District of Pennsylvania, and this court must apply those rules when determining the appropriate professional conduct of an attorney practicing in Pennsylvania. Local Rule 22. *See also Reading Anthracite Co. v. Lehigh Coal & Nav. Co.*, 771 F.Supp. 113, 114 (E.D.Pa.1991).

■ While none of the Rules of Conduct specifically addresses the instant situation, several of the Rules do provide guidance. The Rules of Conduct prohibit an attorney from representing a client in either the same or a substantially related matter in which the attorney represented another client, unless there is full disclosure and consent. Pa. Rules of Professional Conduct 1.9. Furthermore, all attorneys in a firm are prohibited from representing a client when any one of them practicing alone would be prohibited from doing so. Pa. Rules of Professional Conduct 1.10. The Comment to Rule 1.10 defines the term "firm," and instructs that because of the extensiveness of Rule 1.10 and the potentially burdensome effect on the government, "the government is much better served ... by the protections stated in Rule 1.11." Pa. Rules of Professional Conduct, 1.10 cmt.

Looking to Rule 1.11, we are provided with limited guidance as it does not specifically address this particular situation. Rather, Rule 1.11 addresses the conflict of interest created when an attorney leaves private practice to begin working for the government, or leaves government employment to begin private practice. No rule addresses the situation where an attorney remains in government employment, but switches agencies. It is helpful to note, however, that Rule 1.11 does not require disqualification of the other lawyers in the agency in which the lawyer in question has become associated. Pa. Rules of Professional Conduct, 1.11 cmt.

■ Finally, Rule 1.6 provides that while an attorney is prohibited from revealing information relating to representation of the client even after the lawyer-client relationship is terminated, an attorney may reveal such information to respond to allegations concerning the lawyer's representation of the client. Therefore, attorney Vogel is expressly permitted to disclose information regarding his representation of petitioner in any proceeding regarding the effectiveness of that representation. *See Reading Anthracite Co.*, 771 F.Supp. at 117. However, the Court of Appeals has ordered this court to determine whether petitioner's ineffectiveness claims are procedurally barred or unexhausted. Therefore, we will not hear the merits of these claims unless petitioner shows cause and prejudice.

The Pennsylvania courts have addressed situations similar to the instant case. In *Commonwealth v. Miller*, 281 Pa.Super. 392, 422 A.2d 525 (1980), the court considered the conflict of interest problem created when a former public defender joins the district attorney's office and a defendant moves for disqualification of the entire office because a different member of the public defender's office previously represented a co-defendant. The court followed the reasoning of *Commonwealth v. Grucella*, 58 Luz.L.R. 137 (1968), *aff'd* 214 Pa.Super. 716, 249 A.2d 821 (1969), as well as the majority of other jurisdictions[1], and determined that disqualification of the entire office was not necessary because the attorney took no part in the trial of the defendant and had not imparted any information concerning the case to the district attorney or his staff. *Miller*, 422 A.2d at 528.

The court was unable to "ignore the devastating impact that disqualifying the entire district attorney's office would have" if such a broad disqualification were ordered. *Id.*, at 529. Rather,

> [i]nstead of opting for such an extravagantly indulgent application of the 'appearance of impropriety' standard, [the court] prefer[s] to rely on the integrity of the district attorneys of this Commonwealth not to participate in the prosecution of cases when such prosecution would generate an appearance of impropriety.

*Id.*, at 529.

Similarly, in *Commonwealth v. Harris*, 501 Pa. 178, 460 A.2d 747 (1983), the Pennsylvania Supreme Court relied on *Miller*'s rejection of the "appearance of impropriety" standard,[2] and declined to disqualify the entire district attorney's office from representing the Commonwealth when the District Attorney, a former Chief Public Defender, had

---

1. The court cited a number of similar cases from other states where disqualification of the entire office was held not necessary. *Miller*, 422 A.2d at 528.

2. This standard was found in Rule 9–101 of the former Code of Professional Responsibility, now superseded in Pennsylvania by the Rules of Professional Conduct.

once represented the defendant in a prior Post Conviction Hearing Act appeal. The court so aptly noted that the difficulty with the defendant's argument is that

> taken to its logical extreme, it would allow a defendant to have his case dismissed any time a special prosecutor was not appointed to his case when a member of the public defender's staff has been appointed to the staff of the District Attorney during the pendency of defendant's post-trial proceedings.

*Harris*, 460 A.2d at 749. Therefore, the court adopted a "more objective and flexible standard" requiring a case-by-case determination of whether the prosecutor engaged in "actual impropriety" causing prejudice to the defendant in situations where the defense attorney enters the proceedings at the post-trial level and then subsequently joins the prosecutor's office. *Id.*

Other Circuits have held that disqualification of an entire prosecutor's office is not necessary just because a member of the staff once represented a defendant prior to joining the prosecutor's office. *See U.S. v. Goot*, 894 F.2d 231 (7th Cir.1990), *cert. denied*, 498 U.S. 811, 111 S.Ct. 45, 112 L.Ed.2d 22 (1990); *U.S. v. Caggiano*, 660 F.2d 184 (6th Cir. 1981), *cert. denied*, 455 U.S. 945, 102 S.Ct. 1444, 71 L.Ed.2d 658 (1982). In *Goot*, the Seventh Circuit outlined the following three part analysis to determine whether disqualification of an entire office is necessary when an attorney in that office switched from one side to the other:

1. Does a "substantial relationship" exist between the present and prior representation?
2. If so, has the presumption of shared confidences with respect to prior representation been rebutted?
3. If not, has the presumption of shared confidences with respect to the present representation been rebutted?

The court further noted that "[a] very strict standard of proof must be applied to the rebuttal of this presumption ... and any doubts as to the existence of an asserted conflict must be resolved in favor of disqualification." *Id.* at 235, *quoting LaSalle Nat. Bank v. County of Lake*, 703 F.2d 252, 257 (7th Cir.1983). The court in *Goot* balanced the interests of the defendant, the govern-

ment, and the public, and found that while additional precautions could have been taken, the screening procedures employed were sufficient to rebut the presumption of shared confidences and meet the interest of all the parties concerned. 894 F.2d at 237.

In the instant case, attorney Vogel testified that in accordance with the standard policy of the office, he has not had any contact with the district attorney's file in this case and he has avoided any conversations regarding petitioner that did not pertain to his testimony at the hearing. Petitioner, on the other hand, has presented no evidence that improper communications have occurred or that he has been prejudiced by attorney Vogel's current employment with the district attorney's office. Accordingly, this court finds that the office of the district attorney has rebutted any presumption of shared confidences, and that attorney Vogel has sufficiently separated himself from petitioner's case and avoided any actual impropriety.

For the foregoing reasons, petitioner's motion to disqualify the entire Erie County District Attorney's Office will be denied.

### ORDER

AND NOW, this 9th day of December, 1993;

IT IS HEREBY ORDERED that Petitioner's Motion to Recuse Counsel for the Commonwealth is denied.

IT IS FURTHER ORDERED that on or before December 24, 1993, each party shall file a brief, with citations to federal cases, addressing the following issues:

1. Whether petitioner's third claim as identified by the Court of Appeals, that the verdict was against the weight of the evidence, is a federal claim subject to review in federal habeas corpus. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Each party shall also address the merits of this claim.

2. Whether petitioner's fourth claim as identified by the Court of Appeals, that the trial court erred in failing to grant the motion in arrest of judgment or for new trial, is procedurally barred from further consideration by the Pennsylvania courts; and, if so

barred, whether petitioner meets the "cause" and "prejudice" standard or the "miscarriage of justice" standard that would permit federal habeas review.

3. Whether petitioner's two claims of ineffective assistance of trial and appellate counsel are barred from federal habeas review either because there are state remedies available or because petitioner has procedurally defaulted those claims; and, if petitioner has procedurally defaulted either of these claims, whether he can show "cause" and "prejudice" for the default or meet the "miscarriage of justice" standard.

IT IS FURTHER ORDERED that each party shall be allowed until January 21, 1994 to file a responsive brief.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 3 of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.