COMMONWEALTH of Pennsylvania,
Appellee,

v.

Randolph C. WILLIAMS, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 16, 2002.

Filed Dec. 26, 2002.

Randolph C. Williams, appellant, pro se.

Mark P. Pazuhanich, Asst. Dist. Atty., Stroudsburg, for Commonwealth, appellee.

Before: JOYCE, TODD and POPOVICH, JJ.

POPOVICH, J.

¶ 1 Appellant Randolph C. Williams appeals *pro se* the order entered on April 4, 2002, in the Court of Common Pleas of Monroe County, denying his second petition brought pursuant to the Post–Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Upon review, we vacate and remand for the appointment of counsel.

¶ 2 The relevant facts and procedural history are as follows: On March 13, 1998, at the conclusion of a jury trial, Appellant was convicted of robbery, theft and possession of a firearm without a license. Appellant's attorney at trial was William K. Sayer, Esq. Thereafter, on March 16, 1998, Appellant requested to have his trial counsel removed for alleged ineffective assistance of counsel. On March 30, 1998, Tara J. Kirkendall, Esq., was appointed to represent Appellant at sentencing. On April 29, 1998, Appellant was sentenced to a term of incarceration of 6 to 12 years. Attorney Kirkendall filed a Post–Sentence Motion on Appellant's behalf, which was denied. Appellant filed a timely appeal to this Court and a Motion for New Counsel. Stephen Higgins, Esq., was appointed to represent Appellant on his direct appeal. Thereafter, this Court affirmed Appellant's

judgment of sentence on June 9, 1999. Still represented by Attorney Higgins, Appellant filed a Petition for Allowance of Appeal to ·our Supreme Court on July 9, 1999. Appellant's Petition was denied by our Supreme Court on January 26, 2000. Appellant did not file a writ of *certiorari* to the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final 90 days thereafter, or April 25, 2000.

¶ 3 Appellant filed his first *pro se* PCRA petition on June 5, 2000, alleging, *inter alia,* ineffective assistance of counsel. The PCRA court appointed David W. Skutnik, Esq., on June 6, 2000, as counsel for Appellant's PCRA Petition. On November 29, 2000, a hearing was held on Appellant's PCRA Petition. On February 8, 2001, the PCRA court denied Appellant's Petition. Thereafter, on March 9, 2001, Appellant filed a timely Notice of Appeal to this Court. On that same day, Appellant filed a "Motion to Remove" Attorney Skutnik as counsel. Attorney Skutnik was an assistant district attorney for Monroe County at the time of Appellant's preliminary hearing· and represented the Commonwealth at that hearing. The PCRA court granted Appellant's Motion and appointed Jennifer H. Sibum, Esq., as Appellant's counsel for his PCRA appeal. ' The case proceeded to this Court for our review. On October 3, 2001, we affirmed the order denying Appellant post-conviction relief. Appellant then filed a Petition for Allowance of Appeal to our Supreme Court. On March 6, 2002, our Supreme Court denied Appellant's Petition for Allowance of Appeal.

¶ 4 Appellant filed his second *pro se* PCRA Petition on March 22, 2002, approximately 2 years from the date that his judgment of sentence became final. The PCRA court dismissed Appellant's Petition

on April 4, 2002. Appellant then filed a Notice of Appeal to this Court *pro se.*

¶ 5 Before we reach a recitation of Appellant's issues, we first consider whether this appeal is properly before this Court. *See Commonwealth v. Hutchins,* 760 A.2d 50, 53 (Pa.Super.2000) (holding that an appellate court may consider the issue of jurisdiction in a PCRA appeal *sua sponte* ). The record indicates that the present PCRA petition was filed on March 22, 2002, approximately 2 years after Appellant's sentence became final on April 25, 2000.

¶ 6 Title 42 Pa.C.S.A. § 9545(b)(1) sets forth the timeliness requirements for filing a petition brought pursuant to the Post–Conviction Relief Act. Title 42 Pa.C.S.A. § 9545(b)(1) states:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and ·the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or the laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

¶ 7 In his brief, Appellant makes no attempt to plead or prove any of the above exceptions to the timeliness requirement. Rather, Appellant argues that because his initial PCRA counsel labored under a conflict of interest due to his status as an ex-assistant district attorney that worked on Appellant's trial, a miscarriage of justice occurred that requires us to review the merits of Appellant's second petition. This argument essentially asks us to review Appellant's second petition as an extension of his first PCRA petition, despite the untimely nature of the second petition, because Appellant's first petition was fatally defective in that Appellant was not afforded the competent assistance of counsel in its preparation.

¶ 8 In certain circumstances, we have held a second PCRA petition to be merely an extension of the first for purposes of calculating timeliness where counsel's failures resulted in "effective waiver" of the issues presented or if counsel "abandons" his client on appeal. *Commonwealth v. Leasa*, 759 A.2d 941, 942 (Pa.Super.2000); *see also Commonwealth v. Kubis*, 2002 PA Super 296, 808 A.2d 196. In the present case, the issue is not "effective waiver" or abandonment. Rather, we must consider whether Appellant's first PCRA petition was defective *ab initio* due to his appointed counsel's possible conflict of interest. In order to reach a determination of this question, we must consider whether Appellant's first PCRA counsel, David W. Skutnik, Esq., labored under a conflict of interest in his representation of Appellant because he represented the Commonwealth in this case at Appellant's preliminary hearing.

■ ¶ 9 The facts in this case are essentially the inverse of those presented to our Supreme Court in *Commonwealth v. Lowery*, 501 Pa. 124, 460 A.2d 720 (1983). In *Lowery*, Lowery's former defense counsel had been elected to the office of District Attorney for the County of Philadelphia during the pendency of Lowery's case. Members of the newly-elected District Attorney's office then represented the Commonwealth on the Commonwealth's appeal from the grant of Lowery's suppression motion. The newly-elected District Attorney had represented Lowery at the trial level on the suppression motion. *Lowery*, at 125, 460 A.2d at 720. This Court granted a new trial on the subsequent appeal, and the Supreme Court quashed the appeal of this Court's order granting a new trial. *Id.*, at 125, 460 A.2d at 720. The Supreme Court found that an attack by the Office of the District Attorney on the adequacy of his own defense with respect to the suppression issue created a direct conflict of interest. *Id.*, at 126, 460 A.2d at 720. The Supreme Court held that:

[An] attack by an attorney on his own work, even if inadvertent, is never a mere matter of form. It is a direct attack on the adversary system which undermines the total trust and confidence between an attorney and his client necessary to its functioning.

*Lowery*, at 126, 460 A.2d at 721.

¶ 10 In the present case, Attorney Skutnik's representation of Appellant directly challenged his efforts as an assistant district attorney at Appellant's preliminary hearing. The evidence presented at the hearing obviously produced sufficient evidence to establish a *prima facie* case against Appellant that resulted in his conviction. After a thorough review of the record, we are constrained to find that Appellant's first PCRA petition was fatally defective because he was denied competent counsel to represent him.

■ ¶ 11 In *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693 (1998), our Supreme Court held that an unrepresented petitioner who is indigent has a right to

court-appointed counsel to represent him on his first PCRA petition. *See also* Pa. R.Crim.P. 904. As our Supreme Court noted in *Albrecht*, "[the] denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." *Albrecht*, at 43, 720 A.2d at 699. Presently, Appellant was denied PCRA relief after he was appointed counsel that had previously represented the Commonwealth *in the same case*. It would defy the very purpose of our adversarial system of justice to find that Attorney Skutnik would be competent to attack his own efforts as an assistant district attorney who acted in a clearly adversarial role against Appellant. *Cf. Lowery*, at 126, 460 A.2d at 721. Accordingly, Appellant must be afforded the right to the competent assistance of counsel in his PCRA petition. *See Commonwealth v. Hampton*, 718 A.2d 1250, 1252 (Pa.Super.1998) (right to counsel in first PCRA petition is the right to competent counsel). Therefore, we find Appellant's original PCRA was fatally defective because Appellant did not receive competent counsel to assist him. *Cf. Albrecht*, at 43, 720 A.2d at 699. Accordingly, we are constrained to vacate the order of the PCRA court and remand the case to allow for the appointment of counsel to assist Appellant in amending his original PCRA petition.

¶ 12 Order vacated. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.