**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 720 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated |
| | : | 12/8/2015 in the Court of Common |
| | : | Pleas, Cumberland County, Criminal |
| v. | : | Division at No. CP-21-CR-0001183- |
| | : | 1996. |
| | : | |
| ANTYANE ROBINSON, | : | SUBMITTED:  June 11, 2018 |
| | : | |
| Appellant | : | |

## OPINION IN SUPPORT OF AFFIRMANCE

**JUSTICE DOUGHERTY**                                        **DECIDED:  December 14, 2018**

Justice Donohue, in her Opinion in Support of Reversal (OISR), would hold articles published in October 2015 revealing a former justice of this Court sent and received offensive emails raised new facts sufficient for appellant to overcome the PCRA time bar. Thus, the OISR would vacate the PCRA court's order dismissing appellant's third PCRA petition as untimely filed.  The OISR asserts it would merely decide a jurisdictional issue, and would not reach the merits of whether the new facts require an evidentiary hearing on appellant's claimed due process violation, namely, that alleged racial bias reflected in the emails injects doubt as to the propriety of the Court's disposition of appellant's first PCRA appeal.  In my view, as the Commonwealth asserts, there is an insufficient nexus between the published reports and the alleged constitutional violation: the referenced "email traffic relates to a time period beginning over a decade after [appellant's] trial and several years after his 2005 initial PCRA case concluded; [appellant's] case is not referenced in the emails; and the content does not reflect any invidious discrimination or

bias in any court case." Commonwealth's Brief at 16-17. The OISR explains its approach by characterizing the Commonwealth's argument as "implicat[ing] the merits of the claim raised, not the timeliness of the petition." OISR (Donohue, J.) at 31. I respectfully disagree.

In my view, the emails are simply not facts upon which the belated claim of a due process violation can be predicated.[1] Moreover, I would conclude appellant is not entitled to a merits examination, as the Court of Judicial Discipline (CJD) in its comprehensive and independent evaluation found as fact that the Judicial Conduct Board (JCB) produced no evidence that Justice Eakin "in his written judicial opinions, ever demonstrated any overt bias due to the race, gender, ethnicity, or sexual orientation of a litigant or witness." *In re Eakin*, 150 A.3d 1042, 1048 (Pa. Ct. Jud. Disc. 2016). The CJD also acknowledged Eakin "presented credible witnesses that his judicial opinions were not reflective of any of the biases expressed in any of the emails, but instead were decided, in each case, in accordance with the facts and law." *Id.* at 1060.[2]

The OISR would additionally disqualify the Cumberland County District Attorney's Office (DAO) on conflict of interest grounds from proceeding further in the matter, and

---

[1] The 2015 reports showed former Justice Eakin received and sent emails, the context and content of which might be described as crude attempts at humor involving sexist, misogynistic, homophobic, and racial or religious stereotypes and themes. None of the emails referenced appellant's case.

[2] The OISR asserts the CJD made no finding whether "Eakin's behavior reflected bias in his judicial decisions[,]" but "noted only that the JCB did not present any evidence that Eakin demonstrated bias in his written opinions and that Eakin presented witnesses to contest any such claim." OISR (Donohue, J.) at 31, n.20, *citing In re Eakin* 150 A.3d at 1048, 1060. The record is clear, however, the CJD "accept[ed] [the parties'] stipulations of fact … as **the facts necessary** for the determination of this case[,]" *see* 150 A.3d at 1048 (emphasis added), and under the heading "FINDINGS OF FACT" included the fact that no evidence was presented showing Eakin's opinions reflected bias. I disagree with the OISR's minimization of this important aspect of the CJD's ruling.

would direct the PCRA court to reconsider petitioner's requests for additional discovery, to amend his petition, and for an evidentiary hearing. Because, in my judgment, the PCRA court was correct in concluding it lacked jurisdiction to consider the petition, I would not reach the questions regarding an evidentiary hearing, disqualification of the DAO, or requests for petition amendment and additional discovery. In the alternative, if jurisdiction existed, I would conclude an evidentiary hearing, disqualification, petition amendment, and additional discovery are not warranted.

## Timeliness[3] and Evidentiary Hearing

---

[3] In opining the PCRA court had jurisdiction over the proceedings because new facts served to overcome the facially untimely nature of appellant's third petition, the OISR acknowledges another jurisdictional hurdle — the fact appellant filed his third petition prematurely. OISR (Donohue, J.) at 7 n.8. It is undisputed an appeal from appellant's second PCRA petition was pending before this Court when he filed the instant petition, his third. The OISR cites *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (subsequent PCRA petition cannot be filed while a pending petition remains unresolved), but treats the present petition as filed after his second petition was finally adjudicated. The OISR notes the Commonwealth presented no objection pursuant to *Lark* and this Court's disposition of appellant's appeal from the denial of his second PCRA petition was completed by the time the PCRA court finally adjudicated appellant's third petition. OISR (Donohue, J.) at 7 n.8. Without citation to authority, the OISR would determine "in the interest of justice, we will regard as done that which ought to have been done" and treat appellant's third petition as properly filed. *Id.* Respectfully, the proviso to regard as done that which ought to have been done has been employed by our courts almost exclusively in the interests of judicial economy. For example, where a party has inadvertently failed to file a praecipe for the entry of judgment or proper post-sentence motion, courts have occasionally, in the interests of judicial economy, permitted the appeal to proceed despite this minor procedural irregularity which would otherwise result in remand to perfect the record or quashal without prejudice to file a subsequent appeal once the trial court's final order has been reduced to judgment. *See McCormick v. Ne. Bank of Pa.*, 561 A.2d 328, 330 n.1 (Pa. 1989). To apply the proviso in the present circumstances expands its effect. Normally, the proviso is used to permit an **appeal** from an otherwise **resolved** case despite the lack of a final order. Here, the OISR would employ the proviso to permit **post-conviction** proceedings to advance in an **unresolved** case. That being said, the Commonwealth has failed to object to the PCRA court's jurisdiction in the present appeal on the basis of the premature filing. It maintains, instead, the PCRA court lacked jurisdiction due to appellant's failure to satisfy any exception to the PCRA time bar.

To be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. §9543(a)(2).  The only enumerated error applicable here is a constitutional violation which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S. §9543(a)(2)(i).  The PCRA requires that a petition seeking relief must be filed within one year of the date the petitioner's judgment of sentence becomes final.  42 Pa.C.S. §9545(b)(1).  This timeliness requirement is jurisdictional in nature, and a court may not address the merits of any claim raised unless the petition was timely filed or the petitioner proves that one of the three exceptions to the timeliness requirement applies.  *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).  The pertinent exception here is "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"  42 Pa.C.S. §9545(b)(1)(ii).  This court has explained that "the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim."  *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citations omitted).  Moreover, any petition invoking this exception "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. §9545(b)(2).

While I appreciate the test for application of when newly-discovered facts will overcome a PCRA time bar prohibits a merits analysis, the test does require that the claim be **predicated** on previously unknown facts.  *See Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007) (emphasis added).  Accordingly, to overcome the PCRA time bar, a petitioner is required, at a minimum, to demonstrate some connection between the newly-discovered facts and the claim.  The OISR asserts the facts upon which appellant's claim is predicated did not become available until the relevant articles were published in 2015.  OISR (Donohue, J.) at 29-30, *citing Commonwealth v. Chmiel*, 173 A.3d 617 (Pa. 2017).

Whether there is a connection between the newly-discovered facts regarding Eakin's emails to appellant's underlying claim sufficient to overcome the time bar is not self-evident in this case — as it was in *Chmiel* (where the published press release contained an admission by the FBI that its microscopic hair analysis was flawed in the great majority of cases in which hair analysis evidence was presented). Here there is no admission of judicial bias; rather there was a denial of bias before the CJD, which determined there was no evidence of bias. As I noted in *Commonwealth v. Blakeney*, 193 A.3d 350, 367 (Pa. 2018) (Dougherty, J., Opinion in Support of Affirmance) (OISA), a case involving roughly analogous circumstances, "[o]f course the emails are repugnant, but their mere existence does not demonstrate the fact of bias[.]" Accordingly, I would conclude appellant's third petition for PCRA relief was untimely filed and appellant failed to show any exceptions apply as the facts relied upon were not sufficiently connected to the claim. Moreover, even if the petition had been timely, no evidentiary hearing would be warranted, as the CJD found as fact no evidence of bias.[4]

**Petition Amendment and Additional Discovery**

In my view, the PCRA court correctly determined it lacked jurisdiction to consider appellant's petition and thus I disagree with the OISR's preferred disposition that the PCRA court should reconsider permitting appellant to conduct additional discovery and file an amended petition. I would conclude, as the PCRA court did, appellant made no proper showing to permit petition amendment or additional discovery. With respect to petition amendment, the OISR cites *Commonwealth v. Sepulveda*, 144 A.3d 1270, 1278

---

[4] Indeed, to permit an evidentiary hearing at which Eakin and his witnesses would presumably be called to testify on the question of bias would amount to the formalistic and pointless repetition of judicial proceedings, the outcome of which is undoubtedly a foregone conclusion.

(Pa. 2016), for the proposition courts should allow amendment pursuant to Pa.R.Crim.P. 905(A) "to avoid dismissal due to a correctable defect in claim pleading or presentation." OISR (Donohue, J.) at 35. The PCRA court considered the proposed petition amendments "solely for the purpose of determining if they might somehow cure [appellant's] lack of timeliness in filing and grant jurisdiction to the [c]ourt[,]" and concluded "the changes proposed by [appellant] fail to cure the issue of timeliness." PCRA Court Op., 10/23/17 at 10.[5] If the claim were properly before us, I would determine the PCRA court correctly denied the requested petition amendment.

With respect to additional discovery, I am also aligned with the PCRA court's rationale for denying the request. The court noted discovery in PCRA proceedings is strictly limited and shall not be permitted except upon leave of court and a showing of exceptional circumstances. *Id.* at 11, *citing* Pa.R.Crim.P. 902(e). The court determined the discovery request was "wholly without merit" because appellant failed to demonstrate the existence of exceptional circumstances, and explained as follows:

> While the facts underlying his claim reflect a disturbing state of affairs within the Pennsylvania Judiciary, [appellant] did not demonstrate that this circumstance existed during the time of his conviction and appeal or that it affected [the outcome of] his case in any way. No evidence was produced or alluded to that discusses or touches on [appellant's] case specifically. Likewise, his discovery request was not for specific, known, material, but rather he cast a wide net, hoping to snare something of both relevance and substance. Such a discovery request within the framework of collateral relief is a forbidden fishing expedition. Assuming the instant PCRA petition was timely filed, [appellant] failed to demonstrate the exceptional circumstances required for **any** discovery and, even if discovery was

---

[5] Among other things, the court specifically determined there was no merit in appellant's claimed applicability to his case of *Williams v. Pennsylvania*, __ U.S. __,136 S.Ct. 1899 (2016) (justice's personal involvement in critical charging decision in defendant's case gave rise to unacceptable risk of actual bias endangering appearance of neutrality). The PCRA Court noted the facts underlying *Williams* are not substantially similar to appellant's case and *Williams* has no retroactive application in any event.

appropriate, [appellant's] generic, all-encompassing discovery request would have been impermissible.

*Id.* at 11, 14 (emphasis in original).

## Disqualification of DAO

In my view, because appellant's PCRA petition was untimely and no exceptions applied, disqualification of the Cumberland County DAO is unnecessary and improper, as no jurisdiction exists to entertain further proceedings. Even if jurisdiction existed, I would deny the disqualification request. The OISR asserts appellant's claim is one of a conflict of interest that does not require a showing of actual impropriety. OISR (Donohue, J.) at 42-43, *citing Commonwealth v. Briggs*, 12 A.3d 291 (Pa. 2011); *Commonwealth v. Eskridge*, 604 A.2d 700 (Pa. 1992). The OISR also acknowledges the Commonwealth relies on *Commonwealth v. Breakiron*, 729 A.2d 1088 (Pa. 1999), to support its competing claim appellant must show an actual impropriety. The OISR opines the holding in *Breakiron*, requiring proof of actual impropriety, was based on a non-precedential plurality holding in *Commonwealth v. Harris*, 460 A.2d 747 (Pa. 1983), and notes the rule of *Breakiron* arguably conflicts with Canon 1 of the Code of Judicial Conduct and the statute making the canons applicable to prosecutors. OISR (Donohue, J.) at 44 n.26, *citing* 16 P.S. §1401(o) ("A district attorney shall be subject to the Rules of Professional Conduct and the canons of ethics as applied to judges in the courts of common pleas of this Commonwealth insofar as such canons apply to salaries, full-time duties and conflicts of interest."); Pa.C.J.C. 1.2 ("A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.")

I question the OISR's reliance on *Briggs* and *Eskridge*, as both cases involved the prosecutor's potential conflicts at trial. Here, as in *Harris* and *Breakiron*, the claim of conflict arises at the post-conviction stage. In *Harris*, the public defender who

represented the defendant on collateral appeal and sought withdrawal of the defendant's guilty plea in that proceeding, was appointed District Attorney during the pendency of the appeal. The petition was denied. On a second petition, represented by new counsel, the petitioner claimed the ineffectiveness of his prior post-conviction counsel "due to the conflict of interest involving [counsel's] appointment as District Attorney[.]" *Harris*, 460 A.2d at 749. The petitioner sought to withdraw his guilty plea, arguing the appointment created an actual conflict of interest and an appearance of impropriety. A plurality of the Court held an appearance of bias was insufficient to disqualify the prosecutor or undermine his participation in the post-conviction proceedings and a post-conviction petitioner must show actual impropriety. The plurality reasoned this heightened standard should be applied because there is far less danger of prejudice when a prosecutorial conflict arises during appellate proceedings. *Id.* at 750. I would apply this same rationale to the instant matter. During collateral proceedings, a petitioner has the burden to prove entitlement to relief, while the prosecutor merely responds to petitioner's arguments; the prosecutor's role is quite different in collateral proceedings than at trial. Because the discretion of the prosecutor is reduced during collateral proceedings, any prejudice flowing from his or her continued participation is limited. Thus, if the petition to disqualify the DAO were properly before the Court in the instant matter, I would conclude appellant failed to substantiate entitlement to relief.