436 A.2d 618

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Chris PINHAS.**

Supreme Court of Pennsylvania.

Submitted Sept. 14, 1981.

Decided Nov. 5, 1981.

---

1. Normally, an action for breach of contract must be commenced within four years. 42 Pa.C.S.A. § 5525.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for appellant.

212

David O'Hanesian, Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

WILKINSON, Justice.

■ Appellee, the manager of the Cavalier Health Spa, was arrested and charged with conspiracy[1] and promoting prostitution[2] on September 30, 1977 by a detective assigned to the Allegheny County Vice Squad. The arrest was made following an incident in which one of the female employes of the spa attempted to perform an act of deviate sexual activity upon the detective during a one-half hour massage for which the detective had paid $20. Appellee was tried with two codefendants, masseuses from the same spa, who had been charged with prostitution[3] as a result of the same incident. All were represented by the same attorney during the preliminary hearing and trial.[4]

Appellee was convicted of the crimes charged following a jury trial in which one masseuse was the only defense witness called to testify.[5] Sentence was suspended on the condition that appellee pay costs of prosecution and serve a probationary period of one year. On direct appeal, the Superior Court reversed the judgment of sentence and remanded the cause for a new trial on the basis that the appellee had been denied his Sixth Amendment right to effective assistance of counsel by his attorney's representation of all three defendants.

1. Section 903 of the Crimes Code, 18 Pa.C.S. § 903.

2. Section 5902(b) of the Crimes Code, 18 Pa.C.S. § 5902(b).

3. Section 5902(a) of the Crimes Code, 18 Pa.C.S. § 5902(a).

4. A plea bargain offered on the condition that it be accepted by all three defendants was withdrawn when only two defendants indicated a willingness to accept it.

5. The codefendants were convicted of prostitution.

The Commonwealth successfully petitioned for allowance of appeal. The Commonwealth contends that counsel's multiple representation of all defendants did not impair the appellee's right to effective assistance of counsel, and that this issue was raised in an untimely fashion, *i. e.*, following the empaneling of the jury.

Judge Lipez's opinion for the Superior Court, 282 Pa.Super. 341, 422 A.2d 1147, ably discusses the law on this subject[6] and properly disposes of this case. We granted the petition for allowance of an appeal to consider the record in light of the Supreme Court of the United States' decision in *Cyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1709, 64 L.Ed.2d 333 (1980) where it was held that defendant's constitutionally protected right to effective assistance of counsel was violated and a new trial dictated in a case of multiple representation only where the actual existence of a conflict is shown.

We have examined the record and find, as Judge Lipez found, that it will not support the trial court's finding of no conflict of interest. On the contrary, it establishes that a conflict of interest did exist. Indeed, it is conceded that a plea bargain was negotiated by the only counsel for the three defendants on condition it be accepted by all three. It was acceptable to two but not to the third. What could be more conclusive evidence of a conflict of interest and this was known to all parties and the court before the jury was picked. Further, on trial, only one defendant testified and her testimony was inconsistent with the innocent plea of one of the other defendants.

One other point need be discussed. The trial court, quite properly, sua sponte, raised the question of conflict of interest. Counsel for defendants agreed there was a conflict and requested a continuance while two of the defendants obtained other counsel. He expressed concern that in addition to the plea bargain conflict, others would develop during trial. Indeed this concern ripened into reality as the one

**6.** *See*, Annotation in 64 L.Ed.2d 907 (1980) on multiple representation of defendants in criminal cases as a violation of Sixth Amendment right to counsel.

witness testified, implicating another. Of course it would have been most appropriate if the conflict could have been reported sooner and more timely. Indeed the trial court indicates that counsel may have delayed deliberately. Procedures are available for taking counsel to task for such conduct if it is determined to exist but it cannot deprive the defendant of his constitutional right to effective representation.

Affirmed.

ROBERTS, J., joins in the majority opinion and files a concurring opinion.

NIX, J., filed a concurring opinion.

LARSEN, J., dissents.

ROBERTS, Justice, concurring.

I join the majority opinion. Pursuant to relevant American Bar Association Standards, the trial court correctly "inquire[d] into potential conflicts which may jeopardize the right of each defendant to the fidelity of his counsel." Standards Relating to the Function of the Trial Judge § 3.4(b) (Approved Draft, 1972). Because this record establishes actual harm in violation of the conflict-of-interest standard set forth in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1709, 64 L.Ed.2d 333 (1980), *a fortiori* the record establishes potential harm in violation of the standard of Pennsylvania. See, e. g., *Commonwealth v. Westbrook*, 484 Pa. 534, 400 A.2d 160 (1979); *Commonwealth v. Breaker*, 456 Pa. 341, 318 A.2d 354 (1974); *Commonwealth v. Wheeler*, 444 Pa. 164, 281 A.2d 846 (1971); *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 176 A.2d 641 (1962).

NIX, Justice, concurring.

Although I join the majority opinion, I would like to stress that in cases of multiple representation, a criminal defendant is only denied his Sixth Amendment right to effective assistance of counsel where the *actual existence of a conflict* is shown. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1709, 64

L.Ed.2d 333 (1980). The acceptance of any lesser standard would require this Court to engage in speculation in its efforts to assure effective representation and would result in overturning otherwise valid convictions solely because of dual representation.

> "The duty of the courts to assure full enjoyment of constitutional rights should not be confused with the conjuring of imaginary demons which serve only to impede law enforcement and frustrate justice." *Commonwealth v. Breaker*, 456 Pa. 341, 352, 318 A.2d 354, 359–360 (1974) (Nix, J. dissenting).