550 A.2d 1011

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kenneth W. GREEN.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1988.

Filed Nov. 28, 1988.

Richard W. Webb, District Attorney, Palmerton, for Com., appellant.

George T. Dydynsky, Palmerton, for appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

Appellant, Commonwealth, takes this appeal seeking to have reversed a trial court order which granted Appellee's Motion for New Trial upon finding that his counsel was "entangled in a conflict of interest." Trial Court Opinion at 1. Finding that the Commonwealth has failed to present any claim meriting the relief requested, we affirm the trial court order.

The underlying controversy centers upon the fact that Appellee, who was charged with crimes arising from the burglary of a local club, was represented by a member of the Public Defender's Office of Carbon County. Appellant's two co-defendant's were also represented by members of the Carbon County Public Defender's Office. Prior to the commencement of Appellee's trial, co-defendant Trego pled guilty and co-defendant Neyer was acquitted of charges relating to the burglary. During his trial, Appel-

lant denied any involvement or knowledge concerning the burglary; however, Trego, testifying for the Commonwealth, stated that Appellant participated in the planning and commission of the burglary. When Appellant voiced his concern about a possible conflict of interest post-trial, the trial court reviewed his claim and awarded him a new trial.

The trial court's decision to grant Appellee's Motion for New Trial was based upon a case which it found to be "factually identical, in all pertinent respects," *Commonwealth v. Evans*, 306 Pa.Super. 25, 451 A.2d 1373 (1982). Trial Court Opinion at 6. In *Evans* three co-defendants were each represented by different members of the Beaver County Public Defender's Office. The *Evans* court found that since there existed dual representation and since one of the co-defendants testified against the appellant, who denied any involvement in the robbery, a conflict of interest existed requiring the award of a new trial. The court concluded that under either the "actual harm" standard utilized in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) or under the less stringent "potential harm" standard delineated in *Commonwealth v. Breaker*, 456 Pa. 341, 318 A.2d 354 (1974), the appellant was entitled to a new trial. *Commonwealth v. Evans, supra*, 306 Pa.Superior Ct. at 32 n. 1, 451 A.2d at 1376 n. 1.

The Commonwealth argued before the trial court that the Public Defender's Office of Carbon County should not be considered one law firm and, in the alternative, regardless of whether there was dual representation, Appellee was required to show that "actual" as opposed to "potential" harm existed. The Commonwealth claimed that the distinction between requiring proof of actual as opposed to potential for harm in dual representation cases was dependent upon whether the defendant raised the issue pre-trial or post-trial. It was submitted that where the issue is not raised pre-trial, as in this case, actual harm must have occurred to warrant relief. The Commonwealth contrasted the procedural posture of *Cuyler v. Sullivan, supra*, which

required actual harm to be shown when the issue was raised post-trial, with Pennsylvania cases where the potential for harm standard was applied. *See: Commonwealth v. Pinhas*, 496 Pa. 210, 436 A.2d 618 (1981); *In the Interest of Saladin*, 359 Pa.Super. 326, 518 A.2d 1258 (1986). In considering the Commonwealth's arguments the trial court ruled that the independent nature of the members of the Carbon County Public Defender's office did not alter it's status as a single law firm. It further found, citing *Commonwealth v. Evans, supra*, that regardless which standard was applied, both potential and actual harm could be found in this case since the Public Defender's Office represented co-defendants whose versions of the incident were at odds.

In the present appeal, the Commonwealth submits that no actual harm occurred in this case. However, the Commonwealth does not argue, as it did before the trial court, that the actual harm, as opposed to the possible harm standard should be applied to the facts of this case. Instead, as stated by the Commonwealth: "The key question to be answered, however, is whether or not co-defendants were represented by members of the same 'law firm.'" Appellant's Brief at 8. In support of this single claim, the Commonwealth details the workings of the Carbon County Public Defender's office. It indicates that its members work independently and do not share facilities, staff or files. They each maintain a private office and utilize their own private secretarial help. The County is billed for reimbursement. The Commonwealth contrasts this practice with that found in Philadelphia County where, it submits, all the characteristics of a law firm are present including shared expenses, facilities, office staff and a common interest in the outcome of cases. The distinctions between the operations of the Philadelphia and Carbon County Public Defenders' Office, the Commonwealth argues, is justification for not applying the Supreme Court decision in *Commonwealth v. Westbrook*, 484 Pa. 534, 400 A.2d 160 (1979).

The Supreme Court in *Westbrook* cited to an earlier case in which it held "members of the public defender's office

would be considered members of the 'same firm' for purposes of presenting a claim of ineffective assistance of trial counsel". *Id.*, 484 Pa. at 539, 400 A.2d 162 (citing to *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974)). Finding that the Public Defender's Association of Philadelphia constituted a law firm, the court held that two members of the same firm are prohibited from representing multiple clients with inconsistent defenses. *Id.* The Supreme Court did not undertake an examination of the workings of the particular Public Defender's office at issue in *Westbrook* or *Via*. And the holding of *Westbrook* was applied in *Commonwealth v. Evans, supra* to a situation involving the Public Defender's Office of Beaver County.

After examining Appellant's claim in view of the applicable cases we agree with the trial court that *"Westbrook* and its progeny provide us with no authority to undertake a distinct inquiry into the structure of any particular Public Defender's Office to determine whether or not it is truly a 'law firm' for conflicts of interest analysis." Trial Court Opinion at 7. We find support for the trial court's conclusion that the Public Defender's Office of Carbon County is, by its very nature, a law firm; accordingly, we affirm its order awarding Appellee a new trial.

ORDER AFFIRMED.