**Commonwealth v. Breighner**

*J. Michael Eakin, district attorney,* for the Commonwealth.

*Clayton Wilcox,* for defendant.

SPICER, *J.,* May 4, 1993—Defendant moves to set aside a jury's verdict of guilty of homicide by vehicle while under the influence of alcohol and related crimes. She originally advanced two trial issues, in addition to the argument that the attorney for the Commonwealth should have been disqualified. However, she has abandoned all but the contention that her case should have been prosecuted by someone other than J. Michael Eakin, Esq., district attorney of Cumberland County. Mr. Eakin was specially appointed by Roy Keefer, Esq., district attorney of Adams County, as an assistant district attorney to prosecute this case.

Defendant argues that a person disqualified by reason of a conflict of interest should not be allowed to appoint someone else to do the job.

There is no question that an actual conflict of interest prohibited Mr. Keefer from personally presenting the case against defendant. His private firm represented victims in the accident upon which the prosecution proceeded and, under *Commonwealth v. Eskridge,* 529 Pa. 387, 604 A.2d 700 (1992), Mr. Keefer was disqualified.

In this last case, Supreme Court adopted the view of a dissent in *Commonwealth v. Dunlap,* 233 Pa. Super.

38, 335 A.2d 364 (1975) and justices who voted for reversal, 474 Pa. 155, 377 A.2d 975 (1977). Quoting Mr. Justice Roberts, the court commented on the difference in responsibility applicable to a district attorney (to seek justice) and to a private lawyer (to zealously represent his client and seek to resolve all questions in favor of his client). A showing of prejudice is no longer required, as it is in other areas.[*]

Before we attempt to predict the extent to which the ruling in *Eskridge, supra,* will be carried, the court wants to emphasize that defendant has never questioned the regularity of appointment or its validity. The court has never been presented with a challenge to Mr. Keefer's power to appoint or the propriety of the exercise of that power. We have never been asked to address the mechanics of appointment or Mr. Eakin's authority to act. The record is skimpy in regards to administrative machinery. We may surmise that Mr. Keefer acted pursuant to the County Code, 16 P.S. §1420, but the appointment is not in the file. Mr. Eakin's oath of office is, however.

The sole issue with which we deal relates to imputable disqualification.

It may be that requesting assistance from the attorney general would have been preferable to appointing a special assistant. The statute specifically covers situations in which "there is a potential for actual or apparent conflict of interest on the part of the district attorney or his office." 71 P.S. §732-205(a)(3). Obviously, choosing to request the assistance of Mr. Eakin has given defendant one issue about which to argue in an otherwise perfect case.

---

[*] For example, a defendant's complaint based upon hiring of his investigator by the district attorney was dismissed because actual prejudice was not shown, *Commonwealth v. Faulkner,* 528 Pa. 57, 595 A.2d 28 (1991).

We are required to predict where appellate courts will go in this somewhat troublesome area. If all that mattered were this court's evaluation, there would be no problem. Mr. Eakin repeatedly assured the court that he was exercising independent judgment and discretion. It is really ludicrous to even consider that Mr. Eakin would be influenced in this case by the district attorney of a much smaller county. Mr. Eakin deserves our respect. When he assures the court that he has scrupulously detached himself from the local office, we should accept the representation without reminding him that he became, for the duration of the case, Mr. Keefer's assistant.

Although neither counsel have gone much beyond the opinion in *Eskridge, supra,* we are aware of larger ethical considerations in this case. The trend in conflict cases is to disqualify all members of one's firm. *Maritrans v. Pepper, Hamilton & Scheetz,* 529 Pa. 241, 602 A.2d 1277 (1992). The terms "firm" or "office" are sometimes broadly interpreted. In *Commonwealth v. Green,* 379 Pa. Super. 602, 550 A.2d 1011 (1988), the Superior Court held that a public defender's office is a law firm even though members are scattered throughout different private firms. The court further refused to consider the difference between real and potential prejudice.

If *Green, supra,* controls the other side of the aisle, the technical designation of assistant district attorney dooms this prosecution. If on the other hand, the only purpose of the rule is to assure a disinterested prosecuting attorney, defendant's conviction must stand.

We see important differences between multiple representations of defendants, as occurred in *Green, supra,* and the need to present dispassionate justice in the case before us. The situation at bar is not even remotely similar to the one considered in *Eskridge, supra,* where the district attorney himself represented plaintiffs in a civil action.

In the case at bar, that role was performed by another member of Mr. Keefer's firm. The presence of an elected official from another county vitiates any public appearance or suggestion of bias. Mr. Eakin's performance conformed to all ethical standards. To hold that the procedure followed taints the jury's decision would exalt form over substance far beyond the degree that inspires the chief justice's dissent in *Eskridge, supra.*

Therefore, the attached order is entered.

### ORDER

And now, May 4, 1993, defendant's post-verdict motions are denied. The probation office is directed to perform a presentence investigation and submit a report. Defendant is directed to appear for sentencing May 27, 1993, at 9 a.m.