**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**Joyce SIMS, et al and All Succeeding Petitioners, Appellants.**

Superior Court of Pennsylvania.

Submitted Feb. 4, 2002.
Filed May 21, 2002.

Hugh L. Sumner, Public Defender, Berwick, for appellants.

John McDanel, Bloomsburg, and Robert A. Graci, Harrisburg, Asst. Dist. Attys., for Com., appellee.

Before: LALLY–GREEN, BENDER, and KELLY, JJ.

LALLY–GREEN, J.

¶ 1 Appellants, Joyce Sims *et al.*, appeal from the order entered on January 27, 2000, denying their motion to disqualify the District Attorney's Office of Columbia County (DA's Office). We affirm.

¶ 2 The factual and procedural history of the case is as follows. Hugh Sumner, Esq., is the Chief Public Defender in the Columbia County Public Defender's Office (PD's Office). Attorney John W. McDanel was an Assistant Public Defender from January 25, 1993, until he resigned on December 3, 1999. He resigned because he was elected District Attorney for Columbia County on November 2, 1999. Attorney McDanel then hired two other former employees of the PD's Office to join him in the DA's Office. These employees were Anthony McDonald, a former Assistant Public Defender, and Carla Hess, a secretary.[1]

¶ 3 DA McDanel was sworn in on January 4, 2000. On the same day, Appellants filed a motion to disqualify the entire DA's Office from prosecuting all pending cases that were being defended by the PD's Office or by Attorney Sumner in his private capacity.[2] Appellants asked the trial court to refer all prosecutions to the Attorney General's Office (AG's Office) under the Commonwealth Attorneys Act, 71 P.S. §§ 732–101 *et seq.* The trial court held a hearing on January 21, 2000. On January 27, 2000, the court granted the motion in part, denied the motion in part, and entered a screening order.

¶ 4 The court's order may be summarized as follows. The court referred the prosecution to the Pennsylvania Attorney General in the following classes of cases: (1) where DA McDanel represented a client in the PD's Office; (2) where ADA McDonald represented a client in the PD's Office and DA McDanel has actual knowledge of protected information about the client;[3] (3) where Attorney Sumner represents a client in the PD's Office and DA McDanel has actual knowledge of protected information; and (4) where Attorney Sumner represents a client in his private capacity and DA McDanel has actual knowledge of protected information. In other words, where the court found a conflict of interest with respect to DA McDanel, the entire DA's Office was disqualified and the case was referred to the AG's Office.

¶ 5 The court screened ADA McDonald from participating in the prosecution of the following cases: (1) where ADA McDonald represented a client in the PD's Office and DA McDanel has no actual knowledge of protected information; (2) where Attorney Sumner represents a client in the PD's Office and ADA McDonald has actual knowledge of protected information; and (3) where Attorney Sumner represents a client in his private capacity and ADA

---

**1.** Attorney McDonald worked for the PD's Office from May 1995 to December 23, 1999. Ms. Hess worked for the PD's Office from March 1991 to December 23, 1999. Ms. Hess had also previously worked as a secretary in the private law office of Attorney Sumner.

**2.** Attorney Sumner filed two separate motions to disqualify: one for defendants being represented by the PD's Office directly (*Commonwealth v. Sims, et al.*), and another for defendants being represented by Attorney Sumner in his private capacity (*Commonwealth v. Conklin, et al.*). Appellants include members of both groups.

**3.** *See,* Rules of Professional Conduct 1.6 and 1.9(b).

McDonald has actual knowledge of protected information. In other words, where the court found a conflict of interest with respect to ADA McDonald but not with respect to DA McDanel, the DA's Office could continue to prosecute the case so long as McDonald was not involved.

¶ 6 Finally, the court screened Ms. Hess from participating in any case where the defendant was represented by the PD's Office or by Attorney Sumner in his private capacity. The trial court ordered that "screened" individuals:

shall be prohibited from engaging in any of the following activities, among others: discussions with the DA or any personnel in the DA's Office or anyone else in any way connected with the case; receiving or sending any form of verbal or written communication or correspondence, including notices, letters, pleadings, phone calls, e-mails or faxes; or examining the contents of the DA's file.

Trial Court Order, 1/27/2000, at 1–7. This appeal followed.[4]

¶ 7 Appellants raise four issues on appeal:

1. Whether the employment of Carla Hess as a secretary in the Columbia County District Attorney's Office by Attorney McDanel, given her work as a public defender secretary for eight years previous and extensive work on case files of the above-captioned cases leads to impermissible conflict of interest requiring referral of cases under the Commonwealth Attorney's Act?

2. Whether the trial [court] erred in permitting the conflicted district attorney to engage in self-screening procedures or any decision making in the cases?

3. Whether the employment of Attorney McDanel in the Columbia County Public Defender's Office leads to his imputed disqualification from acting as prosecutor in the above-captioned cases requiring referral under the Commonwealth Attorney's Act?

4. Whether the employment of Attorney McDonald in the Columbia County Public Defender's Office leads to his imputed disqualification from acting as prosecutor in the above-captioned cases requiring referral under the Commonwealth Attorney's Act?

Appellants' Brief at 2.

¶ 8 First, Appellants argue that DA McDanel had a conflict of interest because he hired a secretary (Ms. Hess), who participated extensively in handling cases which were handled by the PD's Office and by Attorney Sumner. We review the trial court's decisions on disqualification and conflict of interest for an abuse of discretion. *Commonwealth v. Lutes,* 793 A.2d 949, 2002 PA Super 51, ¶ 5; *Commonwealth v. Stafford,* 749 A.2d 489, 494 (Pa.Super.2000), *appeal denied,* —— Pa. ——, 795 A.2d 975 (2000).

¶ 9 Where an actual conflict of interest exists, the defendant is entitled to have the conflict removed without any further showing of prejudice. *Commonwealth v. Eskridge,* 529 Pa. 387, 604 A.2d 700, 702 (1992); *Commonwealth v. Balenger,* 704 A.2d 1385, 1390 (Pa.Super.1997), *appeal denied,* 556 Pa. 670, 727 A.2d 126

---

4. Appellants successfully pursued an interlocutory appeal by permission under Chapter 13 of the Rules of Appellate Procedure. Upon invitation from this Court, the Attorney General's Office filed a brief in this case. The

AG's Brief urges that this Court affirm the trial court's order. We commend the AG's Office for its thorough and thoughtful briefing of the issues in this case.

(1998). On the other hand, a mere allegation or appearance of impropriety is insufficient to establish an actual conflict of interest. *Commonwealth v. Karenbauer*, 552 Pa. 420, 715 A.2d 1086, 1094 (1998) ("where, as here, the record clearly demonstrates that counsel did not actively represent conflicting interests, a claim based on the appearance of a conflict of interest lacks merit"), *cert. denied*, 526 U.S. 1021, 119 S.Ct. 1258, 143 L.Ed.2d 354 (1999).

¶ 10 The mere fact that an attorney or employee of the PD's Office has moved to the DA's Office does not necessarily compel disqualification of the entire DA's Office. Rather, courts will look closely at the specific facts of the case and any remedial measures to determine whether any actual conflict of interest exists. *Commonwealth v. Faulkner*, 528 Pa. 57, 595 A.2d 28, 38 (1991) (no conflict of interest where DA's Office hired the defendant's private investigator, where the investigator did not actually speak to anyone in the DA's Office about the defendant's case), *cert. denied*, 503 U.S. 989, 112 S.Ct. 1680, 118 L.Ed.2d 397 (1992); *Commonwealth v. Harris*, 501 Pa. 178, 460 A.2d 747, 749 (1983) (no conflict of interest where Chief Public Defender, who did not represent defendant at trial, became DA at the time that defendant filed post-conviction relief petition); *Commonwealth v. Boring*, 453 Pa.Super. 600, 684 A.2d 561, 564–565 (1996) (no conflict of interest where attorney and investigator for PD's Office joined the DA's Office, because they did not work on defendant's case in either office), *appeal denied*, 547 Pa. 723, 689 A.2d 230 (1997); *see also, Commonwealth v. Ford*, 539 Pa. 85, 650 A.2d 433, 443 (1994) (no conflict of interest where defendant's trial judge became DA of the county while defendant's case was pending, because DA "disqualified and screened herself from any participation" in the case after becoming DA),

*cert. denied*, 514 U.S. 1114, 115 S.Ct. 1970, 131 L.Ed.2d 859 (1995). Our Supreme Court has recognized the "enormous burden upon the already strained resources of the District Attorney's staff" that would result if the Court allowed disqualification based on a "mere assertion of impropriety." *Harris*, 460 A.2d at 750.

¶ 11 In the instant case, the trial court perceived a conflict in the fact that Ms. Hess had worked on Appellants' cases while in the employ of the PD's Office and Attorney Sumner. Recognizing this conflict, the court screened Ms. Hess from participating in any cases involving the PD's clients or Attorney Sumner's clients. Appellants present no argument or legal authority explaining how DA McDanel retained an impermissible conflict of interest after Ms. Hess was screened from the cases. We conclude that the court's screening order was sufficient to cure any conflict that arose from Ms. Hess's employment. Because the trial court did not abuse its discretion, Appellants' first claim fails.

¶ 12 Next, Appellants argue that the trial court erred by permitting DA McDanel to implement case screening responsibilities and to make decisions such as who will prosecute various cases. Appellants cite to *Commonwealth v. Breighner*, 453 Pa.Super. 477, 684 A.2d 143 (1996).

¶ 13 In *Breighner*, this Court held that where the conflict of interest lies with the chief prosecutor (*i.e.*, the District Attorney), the prosecution is barred and the conflict cannot be resolved by delegating the matter to an assistant DA. *Id.* at 147; *see also, Stafford*, 749 A.2d at 495. If the conflict of interest lies with an assistant DA, the entire DA's Office is not necessarily disqualified. *Stafford*, 749 A.2d at 495.

¶ 14 The record reflects that where the trial court found a conflict of interest on the part of DA McDanel, the case was referred to the AG's Office. In those cases, the court did not permit DA McDanel to take any action, including delegating the prosecution to subordinates. Thus, the trial court's order complied with *Breighner.* We also note that Appellants' argument is premised on the assumption that DA McDanel has a conflict of interest in every case, not just the cases described in the court's order. As noted *supra* and *infra,* this assumption is untenable. Appellants' second claim lacks merit.

■ ¶ 15 Appellants' third and fourth issues are consolidated into one argument in their brief.[5] Appellants contend that DA McDanel and ADA McDonald should be disqualified "from acting as prosecutor in any cases in which [the] Columbia County Public Defender's Office undertook representation while they were a member of the office." Appellants' Brief at 13. Appellants cite to *Commonwealth v. Green,* 379 Pa.Super. 602, 550 A.2d 1011 (1988).

¶ 16 In *Green,* defendant Kenneth Green was represented by the Public Defender's Office of Carbon County. A co-defendant, Trego, was represented by a different lawyer in the same office. Before Green's trial, Trego pled guilty and agreed to testify for the Commonwealth. Green denied any knowledge or involvement in the burglary. Trego, in contrast, testified that Green participated in the crime. On post-trial motions, the trial court granted Green a new trial based on a conflict of interest.

¶ 17 This Court affirmed. First, the Court recognized the general rule that members of the same law firm are prohibited from representing multiple clients with inconsistent defenses. *Id.* at 1012–

1013, *citing, Commonwealth v. Westbrook,* 484 Pa. 534, 400 A.2d 160 (1979). Next, the Court held that the Public Defender's Office was, "by its very nature", a single law firm. *Id.* at 1013. Accordingly, the Court held that Green was entitled to a new trial because his firm (the PD's Office) actively represented a client (Trego) with divergent interests.

¶ 18 *Green* is readily distinguishable. First, *Green* did not involve the DA's Office, or the more specific issue of defense lawyers moving to the DA's Office. Next, in *Green,* the defendant suffered the consequences of an actual conflict of interest, and no curative measures took place. Therefore, the only available remedy was a new trial. In the instant case, the trial court took extensive measures to protect Appellants from any actual conflicts of interest from taking place. Third, nothing in the facts or reasoning of *Green* supports the extraordinarily broad conclusion that mere employment with a prior law firm automatically compels disqualification of the entire new firm. Rather, as noted above, courts examine all of the facts and circumstances to determine whether an actual conflict of interest took place. *See, Faulkner, supra; Harris, supra; Boring, supra.* Because Appellants have failed to demonstrate that the court's screening order was inadequate to protect them from an actual conflict of interest, this claim fails.

¶ 19 Order affirmed.

---

**5.** We note that in this respect, Appellants' brief violates Pa.R.A.P. 2119(a) ("the argument shall be divided into as many parts as there are questions to be argued").