J-A08014-15

2015 PA Super 183

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | | |
| v. | | |
| LOUIS PURNELL FORD, | | |
| Appellee | | No. 1235 MDA 2014 |

Appeal from the Order Entered July 14, 2014
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000097-2014

BEFORE:  SHOGAN, WECHT, and STRASSBURGER,[*] JJ.

OPINION BY SHOGAN, J.:                    **FILED SEPTEMBER 02, 2015**

The Commonwealth of Pennsylvania appeals from the order removing the Clinton County District Attorney's Office from the prosecution of drug charges filed against Louis Purnell Ford ("Appellee").  We reverse and remand.

Appellee filed a motion for recusal of the Clinton County District Attorney's Office, averring as follows:

1.    On January 30, 2014, [Appellee] was charged with numerous crimes incident to two (2) alleged deliveries of heroin.

2.    The basis for both alleged crimes involves the use of a confidential informant who is the only individual claimed to

---

[*]  Retired Senior Judge assigned to the Superior Court.

have firsthand knowledge of the actual transactions alleged.

3. For this reason, the credibility and reliability of the confidential informant is crucial to the defense and/or prosecution of this case.

4. In this regard, it is possible that [Appellee] would take the stand in order to deny the allegations against him.

5. Should this occur, and because the credibility of [Appellee] would then be an issue, [Appellee's] prior criminal history would be both relevant and admissible.

6. In this regard, [Appellee] entered a guilty plea to theft, a second-degree misdemeanor, in connection with the matter docketed to Clinton County No. 223 — 09, Commonwealth v. Louis Ford, in which matter [Ford] was represented by Attorney Paul Ryan, Esquire, in his capacity as Clinton County Public Defender.

7. Attorney Ryan is now the Assistant District Attorney with the Clinton County District Attorney's Office which is prosecuting the current case against [Appellee].

8. Furthermore, Attorney Ryan represented [Ford] in connection with a revocation matter incident to a prosecution where [Appellee] was also charged with possession with intent to distribute controlled substances. See Commonwealth v. Louis Ford, Clinton County No. 284 — 08.

9. Though [Appellee] was represented by attorney Patrick Johnson, Esquire, in connection with the matter docketed to Clinton County No. 284 — 08, [Appellee] did confer with and otherwise seek the advice of Attorney Ryan in connection with the revocation matter and the underlying case.

10. In light of the foregoing, [Appellee] believes, and therefore, alleges, that the Clinton County District Attorney cannot prosecute this matter in that [a] conflict of interest currently exists in this regard.

11.  For this reason, [Appellee] requests that the Court cause the Clinton County District Attorney to refer this matter to the Pennsylvania Attorney General, or to some other appropriate entity, for further prosecution.

Motion for Recusal, 7/8/14, at 1–2.  At a recusal hearing on July 10, 2014, defense counsel confirmed that then public defender, now Assistant District Attorney ("ADA") Paul Ryan, had been assigned to prosecute Appellee's drug case.  N.T., 7/10/14, at 6.  Defense counsel argued that Appellee had disclosed relevant confidential information to ADA Ryan that could be used against Appellee in the current prosecution.  N.T., 7/10/14, at 3–10.  The trial court granted Appellee's motion and removed the Clinton County District Attorney's Office from prosecution of Appellee's January 2014 drug charges.  *Id.* at 12–13.  This appeal followed.  The Commonwealth and the trial court complied with the requirements of Pa.R.A.P. 1925.

The Commonwealth states a single question for our consideration:

I.  DID THE TRIAL COURT ERR IN REMOVING THE CLINTON COUNTY DISTRICT ATTORNEY'S OFFICE AS THE PROSECUTING AGENCY IN THE CASE?

Commonwealth's Brief at 4.

The Commonwealth argues that Appellee "has failed to present anything other than a mere assertion that a conflict exists on the part of the Assistant District Attorney, who represented him in 2 unrelated cases, occurring 5 years prior to the allegations at issue in this case." Commonwealth's Brief at 11.  In response, Appellee relies on Pennsylvania Rule of Professional Conduct ("Pa.R.P.C.") 1.9 to support his argument that,

"[i]n light of [Attorney Ryan's] prior representation [of Appellee], the interests of Assistant District Attorney Ryan's current client, the Commonwealth, are adverse to the Appellee's interests." Appellee's Brief at 3.

Rule 1.9, Duties to Former Clients, states: "A lawyer who has formerly represented a client in a matter **shall not** thereafter represent another person **in the same or a substantially related matter** in which that person's interests are materially adverse to the interests of the former client . . . ." For purposes of Rule 1.9, "[m]atters are 'substantially related' . . . if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Pa.R.P.C. 1.9, cmt. The comment further explains that, "[w]hen a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited." **Id.**

"We review the trial court's decisions on disqualification and conflict of interest for an abuse of discretion." **Commonwealth v. Simms**, 799 A.2d 853, 856–857 (Pa. Super. 2002) (internal citations omitted). "A prosecution is barred when an actual conflict of interest affecting the prosecutor exists in the case; under such circumstances a defendant need not prove actual prejudice in order to require that the conflict be removed."

*Commonwealth v. Orie*, 88 A.3d 983, 1021 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (quoting *Commonwealth v. Eskridge*, 604 A.2d 700, 702 (Pa. 1992)).

At the recusal hearing, defense counsel identified four types of information ADA Ryan possessed as a result of his prior representation of Appellee: "Facts behind the prior record, prior record, truth telling pattern of [Appellee], similarity of criminal cases, both possessions with intent to deliver." N.T., 7/10/14, at 5. The Commonwealth challenged the import of the proffered information on several grounds: "None of [it] would be admissible at trial;" any district attorney looking at Appellee's file would learn of his prior record; and there is no evidence that ADA Ryan "actually has that information." *Id.* at 8–11. In response, defense counsel argued that Appellee "would be required to disclose privileged information in order to prove that he had disclosed privileged information in the past, thereby making it not privileged." *Id.* at 11. Citing Pa.R.P.C. 1.9, the trial court stated:

> The [c]ourt believes that there is a substantial risk that confidential factual information which would normally have been obtained in prior representation has been obtained and could be used to materially advance the client's position, that being the Commonwealth's, in the subsequent matter. I'm not saying that Mr. Ryan would do that, but it's there. And I'm not going to risk a mistrial on this sort of thing.

N.T., 7/10/14, at 12–13.

Upon review of the plain language of Rule 1.9 and its comment, we conclude that a conflict of interest exists. As a member of the Clinton County Public Defender's Office, ADA Ryan twice represented Appellee, including once in a drug case. Now, ADA Ryan has been assigned to prosecute Appellee in this underlying drug case. These matters are substantially related in that ADA Ryan's prior representation of Appellee presents a substantial risk that he obtained confidential factual information which would materially advance the Commonwealth's position in the current matter. Pa.R.P.C. 1.9, cmt. Moreover, as a "former client," Appellee is not required to reveal the confidential information learned by ADA Ryan "in order to establish a substantial risk that the lawyer has confidential information that could be used adversely to the former client's interests in the subsequent matter." *Id.* Because ADA Ryan was directly involved in Appellee's prior drug case, his subsequent representation of the Commonwealth in this drug case—with its materially adverse interests— "clearly is prohibited." *Id.* Thus, we conclude the trial court did not abuse its discretion when it disqualified ADA Ryan.

In its effort to avoid a mistrial, the trial court also disqualified the entire Clinton County District Attorney's Office. N.T., 7/10/14, at 13. However, "where a lawyer who has represented a criminal defendant joins a prosecutor's office, disqualification of the entire office is not necessarily appropriate. That lawyer is of course disqualified from participating in the

case on behalf of the prosecution. But individual rather than vicarious disqualification is the general rule." ***Commonwealth v. Miller***, 422 A.2d 525, 529 (Pa. Super. 1980) (citations omitted).

> [T]he mere fact that an attorney or employee of the [public defender's] [o]ffice has moved to the [DA's] [o]ffice does not necessarily compel disqualification of the entire DA's Office. Rather, courts will look closely at the specific facts of the case and any remedial measures to determine whether any actual conflict of interest exists.

***Simms***, 799 A.2d at 857. ***See Commonwealth v. Smith***, 835 A.2d 399, 401 (Pa. Super. 2003) (applying general rule where appellant did not allege that defender-turned ADA participated in prosecution of his case and defender-turned ADA testified he had "no communication whatsoever concerning the case with anyone in the District Attorney's Office").

Upon review, we conclude that, in its current state, the record before us does not support an exception to the general rule, *i.e.*, disqualification of the entire Clinton County District Attorney's Office. The record does not indicate whether ADA Ryan disclosed confidential information to other members of the Clinton County District Attorney's Office. Nor does the record indicate whether a sufficient fire wall has been or could be erected to contain or prevent such disclosure. Therefore, we remand to the trial court for a hearing to determine whether confidential information has been disclosed and whether any measures are in place or could be implemented to contain or prevent such disclosure. Thereafter, the trial court shall decide

if the entire Clinton County District Attorney's Office should be disqualified from prosecuting Appellee.

Order reversed. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/2/2015