J-S61009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TINA LOUISE SHAFFER | |
| Appellant | No. 1713 WDA 2015 |

Appeal from the Judgment of Sentence December 9, 2014
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000153-2014

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:          **FILED SEPTEMBER 28, 2016**

Appellant, Tina Louise Shaffer, appeals from the judgment of sentence entered in the Venango County Court of Common Pleas, Criminal Division, following her jury trial conviction for murder of the third degree.[1] We affirm.

The relevant facts of this case as taken from the certified record are as follows. On March 4, 2014, Appellant and the decedent, Appellant's male companion, were arguing about whether Appellant would leave him. In an effort to convince Appellant to stay, the decedent grabbed his .22 caliber gun, pointed it at his chest, and said he would kill himself if Appellant left the decedent. The decedent placed Appellant's hands on the gun, still aiming at the decedent's chest, and yelled at her to pull the trigger. In the ensuing

_____

[1] 18 Pa.C.S.A. § 2502(c).

argument, Appellant and the decedent wrestled, and in the "heat of the moment," Appellant reported to police that she "must have pulled the trigger." N.T., Jury Trial, Day 2 of 5, 9/15/14, at 92. The gun fired, and the bullet entered decedent's chest, which became logged into his spinal cord causing internal hemorrhaging and death.

Following a five-day jury trial, the jury convicted Appellant of murder of the third degree. The court ordered a pre-sentence investigation report ("PSI") on November 3, 2014. At the sentencing hearing, on December 9, 2014, the court stated on record that it heard the testimony of the decedent's sibling who recounted the decedent's good character and counsel's argument regarding the trial evidence of the decedent's behavior toward Appellant, and that it considered the information in the PSI, the Commonwealth's recommended sentence, the Prison Inmate Evaluation Report, the circumstances of the incident, and the applicable sentencing guidelines. That day, Appellant was sentenced to 210 to 480 months' incarceration, with a credit of 280 days for time served, and to pay restitution to the decedent's family of $8,000.00 and the costs of prosecution.

Following the imposition of sentence, counsel for Appellant entered an oral motion to withdraw from the case, which the court granted. On December 11, 2014, Appellant's new counsel entered an appearance but later filed a conflict-of-interest motion on December 18, 2014, for counsel's

prior representation of the decedent in a criminal case. That same day, counsel filed a motion to extend the deadline to file a post-sentence motion. The court subsequently granted both motions, and on December 23, 2014, the court ordered conflict counsel to represent Appellant.

Conflict counsel filed a petition for the extension of time to file a post-sentence motion of twenty-one days following the filing of the transcript proceedings. The court granted the request, and Appellant filed a timely post-sentence motion, arguing the Commonwealth presented insufficient evidence to establish Appellant possessed malice in the killing of the decedent, the court imposed a manifestly excessive and unreasonable sentence, and the prosecuting District Attorney had an impermissible conflict of interest that should have resulted in his recusal from the case. The court held a hearing on the post-sentence motion and later entered an opinion and order on October 22, 2015, denying Appellant's motion. Appellant filed a timely appeal.

Appellant raises three issues for our review:

> THE EVIDENCE IN THIS CASE WAS INSUFFICIENT TO PROVE THAT THE [APPELLANT] COMMITTED THE CRIME OF MURDER OF THE THIRD DEGREE, AS SUFFICIENT EVIDENCE WAS NOT PRESENTED TO SHOW THE SHE KNEW HER CONDUCT [WOULD] RESULT IN DEATH OR SERIOUS BODILY INJURY TO ANOTHER[.]

> THE LOWER COURT COMMITTED REVERSIBLE ERROR IN THAT ITS SENTENCE WAS MANIFESTLY EXTREME AND CLEARLY UNREASONABLE, AND NOT INDIVIDUALIZED AS REQUIRED BY LAW[.]

> THE LOWER COURT ERRED IN FAILING TO REQUIRE THAT ANOTHER PROSECUTOR REPRESENT [THE COMMONWEALTH] WHEN [APPELLANT] TESTIFIED THAT SHE HAD PREVIOUSLY HAD A RELATIONSHIP WITH THE PROSECUTOR[.]

Appellant's Brief, at 2-3.

A challenge to the sufficiency of evidence implicates the following principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing *all the evidence admitted* at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted) (emphasis added).

Pennsylvania law states murder in the third degree is an unlawful killing with malice but without the specific intent to kill. *See* 18 Pa.C.S.A. § 2502(c). *See also Commonwealth v. Santos*, 876 A.2d 360, 363–64 (Pa.

- 4 -

2005); *Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super. 2001). Malice is defined as

> a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured....["] [M]alice may be found where the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause serious bodily injury.

*Id*. (quoting *Commonwealth v. Cottam*, 616 A.2d 988, 1004 (Pa. Super. 1992). Additionally, the finder of fact may infer malice by considering the totality of the circumstances. *See Commonwealth v. Thomas,* 656 A.2d 514, 516 (Pa. Super. 1995).

"We review the trial court's decisions on ... conflict of interest for an abuse of discretion." *Commonwealth v. Sims,* 799 A.2d 853, 856–857 (Pa. Super. 2002) (citations omitted). "A prosecution is barred when an actual conflict of interest affecting the prosecutor exists in the case; under such circumstances a defendant need not prove actual prejudice in order to require that the conflict be removed." *Commonwealth v. Orie*, 88 A.3d 983, 1021 (Pa. Super. 2014), *appeal denied*, 627 Pa. 757, 99 A.3d 925 (2014) (quoting *Commonwealth v. Eskridge*, 604 A.2d 700, 702 (Pa. 1992)).

Additionally, Pennsylvania Rules of Professional Conduct, Duties to Former Clients, states: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a

- 5 -

substantially related matter in which that person's interests are materially adverse to the interests of the former client...." 42 Pa.R.P.C. 1.9(a). "Matters are 'substantially related'...if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." 42 Pa.R.P.C. 1.9, cmt. [3]. The comment further states: "When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited." *Id.*

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Oliver J. Lobaugh, we conclude Appellant is not entitled to relief. **See** Trial Court Opinion, filed October 22, 2015, at 2-10 (analyzing each of Appellant's issues and finding no relief is due). Accordingly, we affirm on the basis of the trial court's opinion.

We further observe the prosecuting District Attorney did not violate the Pennsylvania Rules of Professional Conduct. **See** 42 Pa.R.P.C. 1.9(a). Although Appellant was a former client of the prosecuting District Attorney in 2003, the prosecuting District Attorney did not represent the Commonwealth in a substantially related matter in 2014 where Appellant's confidential information would have materially advanced the Commonwealth's position.

*Id*.; 42 Pa.R.P.C. 1.9, cmt. [3]. The prosecuting District Attorney entered an appearance only for Appellant's sentencing in 2003. He testified that no confidential communications were used against Appellant in the 2014 trial, he did not possess the factual basis for the 2003 incident, the 2003 incident did not involve a crime of *crimen falsi*, and the 2003 case was unrelated to the 2014 murder charges. *See* N.T., Post-Sentence Hearing, 8/11/15, at 11-17, 24.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/28/2016

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA      :

v.                                :      C.R. No.: 153-2014

                                  :

TINA LOUISE SHAFFER,              :
Defendant/Petitioner.             :

## OPINION OF COURT

AND NOW, October 2/, 2015, the Court has for consideration the Petitioner's

Post-Sentence Motion filed on July, 1, 2015. A hearing was held on this Motion on August

11, 2015, at which time the Defendant was present and was represented by counsel, Tina

M. Fryling, Esq. The Commonwealth was represented by the District Attorney D. Shawn

White. Based upon the testimony and evidence presented at the hearing and a review of the

record, the Court enters the following Opinion.

On September 14, 2014, after a four day jury trial, the Petitioner was found guilty

at the above-captioned case of: Count 1, Third Degree Murder, in violation of 18 Pa. C.S.A.

§2502 (c), a Felony of the first degree. On December 9, 2014, the Petitioner was sentenced

to a term of imprisonment in a state institution of the department of corrections for a

minimum of which shall be two hundred ten (210) months the maximum of which shall be

four hundred eighty (480) months with credit for 280 days of time served. The sentence

was to run consecutively to any and all sentences previously imposed on the Petitioner.

The Court stated that "this is a standard range sentence consistent with the recommendation

made by the Commonwealth."

1

On June 29, 2015, the Defendant timely[1] filed her Post-Sentence Motion in the above-captioned case. In her Motion for Post-Sentence Relief the Petitioner raises the following issues:

(1) Petitioner challenges the sufficiency of the evidence in this case,

(2) Petitioner challenges the sentence she received in this case, and

(3) Petitioner believes a conflict of interest existed in the District Attorney's Office that biased the prosecution of this case.

Pet.'s Mot., ¶ 4.

Petitioner's first contention is that the evidence presented at trial was insufficient for a jury to convict her of third degree murder. In addressing the Petitioner's challenge to the sufficiency of the evidence, the Court notes that, "[i]n deciding a motion challenging sufficiency, the court must evaluate the sufficiency of the evidence upon the entire trial record, not only that contained in the Commonwealth's case-in-chief," 16B West's Pa. Prac., Criminal Practice § 30:4 (2014). An appellant is required to specify the element or elements upon which the evidence was insufficient. *Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009). The elements for Third Degree Murder as explained to the jury in the jury instructions in this case are that the Commonwealth must establish beyond a reasonable doubt that, "*First*, that Lloyd Shontz is dead; *Second*, that the defendant killed him; and *Third*, that the defendant did so with malice. The word "malice" as I am using it has a special legal meaning. It does not mean simply hatred, spite, or ill-will. Malice is a

---

[1] Defendant had been granted several extensions of her filing deadline for the Post-Sentence Motion for the appointment of conflict counsel and for the completion of the jury trial transcripts.

shorthand way of referring to particular mental states that the law regards as being bad enough to make a killing murder." Tina Shaffer *Jury Instructions*. See also 18 Pa. C.S.A. § 2502; *Commonwealth v. Dunphy*, 20 A.3d 1215. Petitioner generally challenges the sufficiency of all of the elements of third degree murder, but more specifically focuses her argument around the assertion that the Commonwealth failed to prove beyond a reasonable doubt that Ms. Shaffer acted with malice. Def.'s Mot., Paragraph 8. "The Commonwealth was required to prove that Ms. Shaffer took action while consciously disregarding the most serious risk she was creating and that by her disregard of that risk, Ms. Shaffer demonstrated her extreme indifference to the value of human life. The killing would also be with malice if Ms. Shaffer acted with a wickedness of disposition, hardness of heart, cruelty, recklessness of consequence, and a mind regardless of social duty indicating an unjustified disregard for the probability of death or great bodily harm and an extreme indifference to the value of human life." Def.'s Mot. Paragraph 7; see also Pennsylvania Standard Criminal Jury Instructions.

In deciding whether a jury determination may stand, a trial court employs the same standard of review as would be exercised by an appellate court deciding the same question. *Higgenbotham v. Keene Corp.*, 23 Phila. Co. Rptr 589, 591 (Phila. Cty Ct. Com. Pl. 1991) (citing *Rocker v. Harvey Co.*, 535 A.2d 1136 (Pa. Super. 1988)). The appellate standard of review for sufficiency of the evidence, in turn, is well settled:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt

3

may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Gibbs*, 981 A.2d 274 (Pa. Super. 2009) (citations omitted).

The Petitioner argues that the evidence presented at trial did not prove that she acted with malice. Malice is the characteristic which distinguishes murders from other types of unlawful killings. *Commonwealth v. Yuknavich*, 295 A.2d 290 (Pa. 1972). In the context of murder in the third degree, malice consists of a wickedness of disposition, a hardness of heart, cruelty, reckless disregard of consequences, and a mind acting without regard for social duty. *Commonwealth v. Pigg*, 571 A.2d 438, 440-42 (Pa. Super 1990) (citing *Commonwealth v. Drum*, 58 Pa. 9 (Pa. 1868)). There need not be any particular person toward whom injury was intended. *Pigg*, 571 A.2d at 441. That malice may be inferred from the use of a deadly weapon is "well established." *Id.* (citing *Commonwealth v. Hinchcliffe*, 388 A.2d 1068 (Pa. 1978)).

Here, there exists abundant support for the jury's finding that Petitioner acted with malice in the killing of Lloyd Shontz. For instance, the evidence suggests that Petitioner aimed a firearm to Mr. Shontz's chest, held the firearm in place either with or without the

4

aid of Mr. Shontz, all while Mr. Shontz urged her to pull the trigger (sincerely or otherwise). *Trial Transcript Day 4*, 51-59. This, without more, leaves the Court satisfied that the evidence allowed the jury to find beyond a reasonable doubt that the petitioner acted with malice. *Gibbs*, 981 A.2d at 274; 571 A.2d at 440-42. As such, the petitioner's first issue in the Motion for Post-Sentence Relief will be deemed meritless.

Petitioner's second contention is that her sentence was manifestly excessive and clearly unreasonable. Petitioner received a standard range sentence but believes she should have received a mitigated range sentence as it "would have served the same purposes of rehabilitation and incapacitation, along with the protection of the community." Pet.'s Mot., ¶ 9.

It is noted at the outset that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion. *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005). "A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence." *Commonwealth v. Pennington*, 751 A.2d 212, 215 (Pa. Super. 2000). Before a defendant is entitled to a review of the discretionary aspects of his sentence, she must show that there is a substantial question that his sentence is not appropriate under the Sentencing Code. *Commonwealth v. Wright*, 832 A.2d 1104, 1107 (Pa.Super.2003). The Superior Court has articulated the following four-part test:

> [W]e conduct a four-part analysis to determine (1) whether appellant has filed a timely notice of appeal, *see* Pa. R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa. R. Crim. P. [720]; (3) whether appellant's brief has a fatal defect, Pa. R.A.P. 2119 (f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa. C.S.A. §9781 (b).

5

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 909 A.2d

303 (Pa. 2006)(internal citations omitted). A substantial question occurs

> only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, (Pa. Super. 2000). Generally, "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003). *Accord Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999)(reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise a substantial question).

Commonwealth v. Moury, 992 A.2d at 171.

The Superior Court of Pennsylvania has stated that in exercising its discretion at sentencing, "the trial court must consider the character of the defendant and the particular circumstances of the offense..., and must impose a sentence that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonweath v. Guth*, 735 A.2d 709, 711 (Pa. Super. 1999). More specifically, "the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005). When the "sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" *Commonwealth v. Moury*, 992 A.2d at 171 (citations omitted). Additionally, "where a sentence is **within the standard range of the guidelines,** **Pennsylvania law views the sentence as appropriate** under the Sentencing Code." *Id.* at

6

171 (emphasis added). A "claim of excessiveness may raise a substantial question where an appellant provides a plausible argument that the sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process." *Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. 2002).

In the instant matter, immediately before sentencing the Defendant, this Court stated on the record the factors that were considered in imposing the foregoing sentence. Specifically, this Court stated:

> In imposing sentence in this case, we have considered the Defendant's age, her education, the condition of her health, family history, and all the other information contained in the Pre-Sentence Investigation report. The Court has considered the statement made at sentencing by the victim's sister, Dolly Shontz, and the photographs that were submitted to the Court at sentencing. The Court has [] considered the [] statements made by defense counsel at sentencing and the [] recommendation made by the Commonwealth at sentencing. The Court considered the Venango County Prison Inmate Evaluation Report. The Court has considered the circumstances surrounding this offense. This judge sat as the trial judge in this case. The Court has considered the sentencing guidelines and all other relevant factors.

*Sentence Hearing Transcript*, 32-33. It is clear that the Court considered many factors, including both the type of crime and the Defendant's history. Moreover, the Petitioner received a standard range sentence, and the Petitioner has not raised a substantial question that the sentence was not appropriate under the sentencing code. Based on the foregoing, the sentence imposed by the Court is supported by sufficient explanation, is not unreasonable, and is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the Petitioner. Therefor Petitioner's second issue is without merit.

Petitioner's third contention is that the district of attorney who prosecuted this case had a conflict of interest and should have recused his office. Petitioner asserts that "the

7

District Attorney who prosecuted her, D. Shawn White, Esq. had previously represented her in his private law practice and that the two had previously had a relationship. Thus, Ms. Shaffer requests a new trial prosecuted by an individual who has had no personal relationship with her." Pet.'s Mot. Paragraph 11.

At the hearing, District Attorney White admitted to having represented the petitioner for one case proceeding held in 2003. Attorney White submitted billing invoices and copies of envelopes showing that Petitioner still has an outstanding legal bill that she owes him. The bill is for $1500.00. Attorney White denied having a personal romantic relationship with the Petitioner.

Prosecutors are required to avoid the appearance or reality of a conflict of interest with respect to their official responsibilities. *Commonwealth v. Dunlap*, 377 A.2d 975, (Pa. 1997); Rules of Professional Responsibility, 1.7, 1.8, 1.9. A "prosecution is barred when an actual conflict of interest affecting the prosecutor exists in the case, under such circumstances a defendant need not prove actual prejudice in order to require that the conflict be removed." *Commonwealth v. Eskridge*, 604 A.2d 700, 702 (Pa. 1992). Mere allegations of a conflict of interest, do not require replacement of a district attorney. *See Commonwealth v. Mulholland*, 702 A.2d 1027, 1037 (Pa. 1997).

One such disqualifying conflict can arise where the district attorney's representation of the Commonwealth has some bearing on his own pecuniary interest. *Commonwealth v. Stafford*, 749 A.2d 489, 494 (Pa. Super. 2000) The Superior Court has held that "an impermissible conflict exists where the district attorney has a financial interest in obtaining defendant's conviction." *Id.* (citing *Eskridge*, 604 A.2d at 701). In *Eskridge*, a conflict of interest was found where the district attorney's law firm was concurrently

8

representing the accident victims in a personal injury suit. 604 A.2d at 701. Where the prosecutor's prior legal representations do not presently impact the attorney's pocketbook, there is a greater reluctance to find a disqualifying conflict. *See Commonwealth v. Jermyn*, 709 A.2d 849, 860 (Pa. 1998) (finding no actual conflict where prosecutor resigned his executor's duties of victim's estate before prosecuting defendant).

A conflict of interest may also arise where the district attorney has a personal interest in the prosecution. *Stafford*, 749 A.2d at 494-95; See also *Commonwealth v. Balenger*, 704 A.2d 1385, 1386 (Pa.Super.1997) (granting a new trial where the prosecutor was involved in a romantic relationship with the defendant's wife). "Mere animosity," without more, is insufficient proof that the prosecutor has a conflict of interest such that he is disqualified from advocating for the defendant's conviction. *Stafford*, 749 A.2d at 495.

As did the Court in *Stafford*, we hold here that "the district attorney had no pecuniary or personal interest in seeing appellant prosecuted[.]" *Id.* With respect to a potential financial conflict, we think the present case is more like *Jermyn* and less like *Eskridge*. The Court notes that Attorney White had ceased private practice altogether for several years prior to his involvement in the petitioner's above-captioned criminal trial. As such, the Court cannot readily detect any present economic motivation he would have had in prosecuting the petitioner. Moreover, it is difficult to ascertain how Mr. White's financial interest with respect to Ms. Shaffer, if indeed any such interest existed, would have been furthered "in obtaining the defendant's conviction." *Stafford*, 749 A.2d at 494.

Additionally, we find no disqualifying personal conflict of interest on the part of the District Attorney. Mr. White represented the Defendant only very briefly and almost twelve years ago. There was no support for the notion that Mr. White used confidential

9

information learned during the course of the prior representation such that the Petitioner's trial was unfair.[2] While the Petitioner does perhaps owe Mr. White $1500, the Court finds that this is not so large a bill that we should infer the District Attorney's prosecution was a product of personal bitterness. Moreover, we emphasize that proof of "mere animosity" will not do. *Stafford*, 749 A.2d at 494. The Court finds that Petitioner's testimony asserting an intimate romantic relationship between herself and District Attorney White is not credible. Furthermore, her assertion that they were at one time intimate, even if believed, would not rise to the level of the conflict described in *Balenger*. While best practices might have dictated that the District Attorney refer this case to the Attorney General's office for prosecution, under these particular circumstances no actual conflict of interest existed. Thus the Petitioner's third contention will be denied.

The Court will issue an appropriate Order.

BY THE COURT,

OLIVER J. LOBAUGH, President Judge

cc: DA
Tina M. Fryling, Esq. (fax 814-474-4680)
VCJ
Sheriff

---

[2] At the hearing, Petitioner indicated that Attorney White during the trial was "coming on strong" by making references to the fact that the victim was Ms. Shaffer's "sugar daddy." As Mr. White testified at the hearing, his use of the phrase "sugar daddy" stemmed solely from his playing turn-about with defense counsel's own use of that phrase as part of their defense strategy. It had virtually nothing to do with Mr. White's previous representation of Ms. Shaffer.

10