J-S10040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN CORLISS | |
| Appellant | No. 2468 EDA 2016 |

Appeal from the Order Entered July 21, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000743-1997

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                      **FILED MAY 09, 2017**

*Pro se* Appellant Justin Corliss appeals from the order denying his serial Post Conviction Relief Act ("PCRA")[1] petition as untimely. The Commonwealth has filed a Motion to Quash this appeal. We affirm the PCRA court's order and deny the Commonwealth's motion as moot.

We recently summarized the procedural history of this case:

> On August 20, 1998, after a jury found Appellant guilty of statutory sexual assault, aggravated indecent assault, indecent assault, and corruption of minors, the trial court imposed a sentence of four to ten years of incarceration. This Court affirmed the judgment of sentence on direct appeal, and Appellant's subsequent PCRA petitions were unsuccessful. Appellant was released from prison in 2008, having completed the full term of his sentence.

*Commonwealth v. Corliss*, 709 EDA 2014, at 1 (Pa. Super. Dec. 4, 2014) (unpublished memorandum), *appeal denied*, 117 A.3d 295 (Pa. 2015). On

---

[1] 42 Pa.C.S. §§ 9541-9546.

August 7, 2013, Appellant filed a counseled petition for a writ of *coram nobis*. The PCRA court treated that petition as an untimely PCRA petition and dismissed it for lack of jurisdiction. We affirmed, *id.* at 2, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

On June 3, 2016, Appellant filed the instant *pro se* "*Nunc Pro Tunc* Petition for Post-Conviction Relief," in which he alleged that his court-appointed appellate counsel was not competent to represent him due to a conflict of interest. On June 21, 2016, the PCRA court denied the petition as untimely.[2] On July 20, 2016, Appellant filed a motion for reconsideration and a notice of appeal.[3] On July 21, 2016, the PCRA court denied the motion for reconsideration and struck the notice of appeal. Appellant filed another notice of appeal on August 5, 2016.[4]

In this appeal, Appellant presents the following issue:

---

[2] The PCRA court did not issue a notice pursuant to Pa.R.Crim.P. 907 before denying relief. However, Appellant has not raised this issue on appeal, so it is waived. **See Commonwealth v. Zeigler**, 148 A.3d 849, 851 n.2 (Pa. Super. 2016). "Moreover, failure to issue [a] Rule 907 notice is not reversible error where the record is clear that the petition is untimely." **Id.**

[3] The docket entry for July 20, 2016 includes only the motion for reconsideration. However, the July 20 notice of appeal is in the certified record, and the trial court acknowledged its filing.

[4] On October 4, 2016, this Court issued an order directing Appellant to show cause why his appeal should not be quashed as untimely. On October 14, 2016, Appellant filed a response. Thereafter, we discharged the show-cause order and deferred resolution of the timeliness issue to this panel.

Did the lower court err and abuse its discretion in refusing to conduct an evidentiary hearing concerning [appellate counsel's] conflict of interest and divided loyalties when [Appellant] is able to demonstrate prejudice derived therefrom that abrogated his constitutional right to counsel and a direct appeal resulting in a manifest miscarriage of justice due to the presence of exculpatory DNA evidence (having forever been misrepresented and otherwise ignored by the lower court) where, under lesser circumstances, this Court reversed, in Com. v. Williams, 814 A.2d 739, 2002?

Appellant's Brief at 7.

## Timeliness of Appeal

As an initial matter, we must determine whether Appellant filed a timely appeal. We may address this issue *sua sponte* because if a notice of appeal is not timely filed, this Court lacks jurisdiction. **Commonwealth v. Cooper**, 710 A.2d 76, 78 (Pa. Super. 1998).

Generally, a notice of appeal must be "filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). If a trial court expressly grants reconsideration of an appealable order within that 30 days, an appeal may not be filed until the trial court enters a new order disposing of the case on reconsideration. **See** Pa.R.A.P. 1701(b)(3). In the meantime, any notice of appeal entered from the first dispositive order is rendered inoperative. **Id.** The mere filing of a motion for reconsideration does not toll the appeal period. **Moore v. Moore**, 634 A.2d 163, 167 (Pa. 1993). Because of the confusion engendered by this rule, the Official Note to Rule 1701 advises:

> The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below and a notice of appeal, etc. If the application lacks merit the trial court or other government unit may deny the application by the entry of an order to that effect or by inaction. The prior appeal paper will remain in effect, and appeal will have been taken without the necessity to watch the calendar for the running of the appeal period.

Pa.R.A.P. 1701 Note.

Here, Appellant followed the advice in Rule 1701's Official Note by timely filing both a motion for reconsideration and a notice of appeal on July 20, 2016 — within 30 days of the PCRA court's June 21, 2016 order dismissing Appellant's PCRA petition. Under Rule 1701, when the PCRA court denied reconsideration, the prior notice of appeal should have remained in effect. *See* Pa.R.A.P. 1701 Note. However, the PCRA court inexplicably struck Appellant's July 20, 2016 notice of appeal and stated in its July 21, 2016 order that "[t]he time in which to file a Notice of Appeal begins to run anew after entry of this decision on reconsideration." Order, 7/21/16. Understandably, Appellant then followed the guidance of this order and filed a new notice of appeal on August 5, 2016.

The PCRA court's July 21, 2016 order was in error. Upon the denial of reconsideration, the appealable order remained the June 21, 2016 order of dismissal, not the PCRA court's order denying reconsideration. *See* Pa.R.A.P. 1701(b)(3) & Note. Appellant's August 5, 2016 notice of appeal therefore was untimely because it was filed more than 30 days after the

- 4 -

June 21, 2016 dismissal order. Nevertheless, we will not quash Appellant's appeal. Appellant's untimeliness is the result of the trial court's erroneous striking of Appellant's valid July 20, 2016 notice of appeal and erroneous advice in its July 21 order. Because those errors constitute a breakdown in the judicial process, we will consider Appellant's appeal timely. **See Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (declining to quash appeal where trial court misstated appeal period).

### Timeliness of Appellant's PCRA Petition

The PCRA court dismissed Appellant's petition as untimely.

> This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Hill**, 149 A.3d 362, 364-65 (Pa. Super. 2016) (citation and internal quotation marks omitted).

We have explained:

> The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute. **See** 42 Pa.C.S. § 9545(b).

**Commonwealth v. Furgess**, 149 A.3d 90, 92 (Pa. Super. 2016) (footnote omitted).

- 5 -

We have reviewed Appellant's brief, the certified record, the relevant law, and the opinion of the able PCRA court judge, the Honorable David J. Williamson. We discern no error in the PCRA court's determination and conclude that Judge Williamson's opinion, entered on June 21, 2016, ably addressed the untimeliness of Appellant's PCRA petition. *See Hill*, 149 A.3d at 364-65. Therefore, we affirm on the basis of Judge Williamson's well-reasoned opinion and adopt it as our own.[5] In the event of further proceedings that reference this Court's memorandum, the parties shall attach a copy of the PCRA court's June 21, 2016 opinion.

Motion to quash denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2017

---

[5] The Commonwealth has moved to quash this appeal, arguing that Appellant is ineligible for PCRA relief because he is no longer serving a sentence of imprisonment, probation, or parole for the crimes at issue, *see* 42 Pa.C.S. § 9543(a), and that the trial court lacked jurisdiction to consider Appellant's PCRA petition because the petition was untimely, *see* 42 Pa.C.S. § 9545(b). Because we are affirming for reasons that are encompassed within the Commonwealth's second argument for quashal, the Commonwealth's motion to quash is denied as moot.

## COURT OF COMMON PLEAS OF MONROE COUNTY
### FORTY-THIRD JUDICIAL DISTRICT
### COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA : NO. 743 CRIMINAL 1997
:
        vs. :
:
JUSTIN CORLISS, : *NUNC PRO TUNC*
: PETITION FOR POST-
        **Defendant** : CONVICTION RELIEF

## O P I N I O N

The Defendant filed a *pro se* "*Nunc Pro Tunc* Petition for Post-Conviction Relief" on June 3, 2016. In the Petition, the Defendant seeks reinstatement of his direct appeal rights in this matter in which he was convicted in 1998. The Defendant asserts that his court-appointed appellate counsel, David Skutnik, Esquire was not competent to represent him due to a conflict of interest. The petition sets forth that Attorney Skutnik was an assistant district attorney in Monroe County at the time the Defendant was charged in this matter.

### Background

The Defendant previously filed a Petition for Writ of Coram Nobis in this matter on August 7, 2013. This Court denied the relief sought, which was affirmed on appeal by the Superior Court. The Pennsylvania Supreme Court chose not to grant review of the matter. Many of the facts and much of the procedural history of this matter were reviewed in this Court's



Opinion and Order dated January 7, 2014 on the Petition for Writ of Coram Nobis. The current *nunc pro tunc* request seeks relief under the Post-Conviction Relief Act (PCRA) as it relates to a conviction following a jury trial on July 16, 1998 for statutory sexual assault, aggravated indecent assault, indecent assault, and corruption of minors. The Defendant was sentenced to 4-10 years confinement in a state correctional facility. The Defendant was represented at trial by Brian Germano, Esquire of the Monroe County Public Defender's office.

The Defendant, through appellate counsel David Skutnik, Esquire, filed a timely Notice of Appeal to the Superior Court on November 20, 1998. The conviction was affirmed on appeal on November 30, 1999. The Defendant then served the maximum on his sentence and was released from incarceration in 2008.

The Defendant filed various petitions and motions related to his trial in addition to his appeal to the Superior Court for the underlying conviction and sentence. These were ultimately denied. The Defendant filed several *pro se* motions after his conviction. He was also represented by various court-appointed counsel, who filed motions on his behalf. The Defendant filed five PCRA petitions, the final one being denied on April 18, 2008. Defendant's Motion for Reconsideration of the denial of his final PCRA petition was denied on May 6, 2008. Nothing else was filed until the Defendant filed his Petition for Writ of Coram Nobis, through private counsel, on August 7, 2013.[1]

The Defendant asserts in his Petition for *Nunc Pro Tunc* PCRA relief, that he was charged with various offenses on July 10, 1997, that he was convicted of certain offenses on

---

[1] The Defendant previously conceded one of the reasons for filing the Writ of Coram Nobis was because he was charged in 2013 with failing to register properly as a sexual offender under Pennsylvania's Megan's Law requirements imposed as a result of that 1998 conviction. The Defendant filed this *nunc pro tunc* Petition two days after being convicted on June 1, 2016 in two separate matters of various sexual assault offenses.

2

July 13, 1998, and that Attorney Skutnik was appointed on August 20, 1998 to represent him in filing post-sentence motions and a direct appeal to the Superior Court. The Defendant sets forth that Attorney Skutnik filed the appeal for the Defendant and that the conviction was affirmed. Defendant alleges he then filed a *pro se* petition as to allegations of Attorney Skutnik's ineffective assistance of counsel during the appeal.

The Defendant now alleges that Attorney Skutnik had a conflict of interest in representing the Defendant on appeal, because at the time of the Defendant's arrest in July 1997, Attorney Skutnik was employed as an assistant district attorney for the Monroe County District Attorney's office. Based upon this, the Defendant now requests this Court grant the *Nunc Pro Tunc* Petition for PCRA relief as an "extension" of his first timely filed PCRA, and to have his direct appeal rights to the 1998 conviction reinstated.

## Discussion

We have reviewed this matter, and find a determination on the merits can be made without need for a hearing. The only issue for hearing would be to determine whether or not Attorney Skutnik was in fact an assistant district attorney at the time of Defendant's arrest as alleged. However, even if he were, on the facts alleged and the procedural status of this case, the Defendant cannot now seek relief.

The Defendant sets forth a claim of ineffective assistance of counsel which is cognizable under the PCRA. *See* 42 Pa. C.S.A. §9543 (a)(2)(ii). Title 42 Pa. C.S.A. §9545 (b)(1) sets forth the timeliness requirements for filing a petition pursuant to the PCRA Act. The Act requires that any petition, including a second or subsequent petition, be filed within one year

3

of the date the judgment of sentence becomes final unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or of the United States;

> (ii) the facts upon which the claim is brought were unknown to the petitioner and could not be ascertained with the exercise of due diligence; or

> (iii) the right asserted is a Constitutional right recognized by the U.S. Supreme Court or the Pa. Supreme Court after the time period provided and applies retroactively.

*See* 42 Pa. C.S.A. §9545 (b)(1).

A petitioner must meet these requirements for a late, or *nunc pro tunc* filing to be considered. Otherwise, this Court lacks jurisdiction. Commonwealth v. Ali, 86 A.3d 173 (Pa. 2014). Likewise, a petitioner is not eligible for PCRA relief after concluding his sentence of imprisonment, probation or parole. 42 Pa. C.S.A. § 9543 (a)(1)(i); Commonwealth v. Ahlborn, 548 Pa. 544, 699 A.2d 718 (1997). Here, the Defendant was done serving his full sentence in 2008.

In his petition, Defendant does not argue the above exceptions to the timeliness requirement. Instead, he argues the filing is an extension of his first PCRA petition that should entitle him to re-instatement of his direct appeal rights. The Defendant cites Commonwealth v. Williams, 814 A.2d 739 (2002) in support of his contention. Ironically, Attorney Skutnik's employment with the Monroe County District Attorney's office was at issue in that case, too. However, the case had several factual distinctions, and is not applicable to this matter.

4

In Commonwealth v. Williams, the defendant was convicted of various offenses on March 13, 1998. The defendant's trial counsel was Attorney William K. Sayer, of the Monroe County Public Defender's office. Attorney Skutnik worked in the Monroe County District Attorney's office at the time of the defendant's preliminary hearing and actually represented the Commonwealth at that hearing against Mr. Williams. Following a denial of Williams' direct appeal, the defendant filed his first PCRA petition alleging ineffective assistance of counsel. Attorney Skutnik, who previously represented the Commonwealth against Williams at his preliminary hearing, but was no longer employed by the Commonwealth, was appointed to represent Williams in his PCRA claim. The PCRA claim was ultimately denied. Id.

Williams then filed a second PCRA petition two (2) years after his judgment of sentence became final. The argument Williams made to the Superior Court, was that his second PCRA was an extension of his first PCRA, and therefore not barred as untimely because the first PCRA was fatally defective due to lack of competent counsel Id. In other words, the Superior Court had to determine if counsel's possible conflict of interest made the first PCRA defective *ab initio* and thereby depriving the Defendant of an opportunity to file a PCRA. Id. The Superior Court had to determine whether Attorney Skutnik labored under a conflict of interest due to his representation of Williams in the PCRA, after representing the Commonwealth in the same matter at the preliminary hearing. Id. (emphasis added). The Superior Court granted Williams the right to file an untimely second PCRA because the first PCRA challenge lacked competent legal counsel as it would have caused Attorney Skutnik to "attack his own efforts as an assistant district attorney" in the same case. Id. at 742. Williams was given an opportunity to file a second

5

PCRA late because the first PCRA was deemed defective, and therefore no opportunity to challenge matters normally available in a PCRA.

Here, the facts are different. First, the Defendant seeks to apply the rationale of "extending" the first PCRA filed timely to include this PCRA which was filed more than 16 years after the judgment of sentence was final, and 8 years since completing his full sentence. Unlike Williams, the challenge here is not to a prior PCRA; rather it challenges the direct appeal taken by Attorney Skutnik. The Defendant does not challenge a prior PCRA wherein the Defendant could have raised the issue of ineffective assistance of counsel in the direct appeal. Instead, he seeks to challenge the direct appeal itself. The first, and subsequent PCRA's filed by the Defendant are not deemed fatally defective *ab initio* as it was in Williams. As such, Williams, does not support an "extension" of the time in this case to allow the current *nunc pro tunc* Petition for PCRA relief because the prior PCRAs are not deemed void for lack of competent counsel. The Defendant herein had an adequate opportunity to file his first PCRA, and in fact filed it and subsequent PCRAs that were not defective. Therefore, the Defendant had an adequate opportunity to raise this issue, and all other issues in the prior PCRAs, which would have been the appropriate forum to do so. However, he did not raise it at the time.

Also, unlike the Williams case, it is not alleged, that Attorney Skutnik actually represented the Commonwealth in any proceeding against the Defendant. Even if Attorney Skutnik was an assistant district attorney at the time of the Defendant's arrest, there is no allegation, nor any record, that he prosecuted the Defendant. The difference in Williams, noted specifically by the Superior Court, was that Attorney Skutnik prosecuted Williams at the preliminary hearing stage and therefore, would not be competent "in a PCRA matter to attack his

6

own efforts as an assistant district attorney who acted in a clearly adversarial role . . ." Id. The fact that Attorney Skutnik may have worked in the D.A.'s office at the time of the Defendant's arrest, standing alone, does not require Attorney Skutnik to attack his own efforts on the post – trial motions and direct appeal. Therefore, the first PCRA filing is not void and the current *nunc pro tunc* request for PCRA relief is not an extension of, nor necessary to correct an invalid first PCRA petition. As a result, it is untimely, and must be dismissed.

We note that the Defendant has not alleged the failure to raise the claim previously was the result of government interference, or that the facts were previously unknown and could not be ascertained with the exercise of due diligence, or that the right asserted is a newly recognized constitutional right. Defendant's issue is directed to the representation he received in his post-sentence motion and direct appeal. The time to raise those concerns was by a timely filed PCRA petition. The Defendant filed five PCRA petitions, including his first one in which he alleged ineffective assistance of counsel by Attorney Skutnik. The Defendant could have raised the issue of Attorney Skutnik working in the D.A.'s office in those PCRA petitions, but failed to do so.[2] We see no reason why the Defendant would not know this through the exercise of due diligence. Therefore, it should have been raised in his prior PCRA petition(s). Failure to do so is a waiver of the issue under 42 Pa. C.S.A. §9544(b). Furthermore, the Defendant raised claims of ineffective assistance of counsel by Attorney Skutnik in his first PCRA and such claims were dismissed. The Defendant has failed to meet his burden in filing an untimely PCRA petition now, even if he had asserted those issues to be considered as an exception under 42 Pa. C.S.A. §9545.

---

[2] Not that working in the D.A.'s office prior to representing a criminal defendant is an automatic conflict of interest barring any later representation, but the sole issue is that even if it was, the Defendant had ample opportunity to raise the issue in his prior PCRA petitions, but failed to do so.